■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK L. TERIBURY, Appellant. — Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered July 9, 1981, upon a verdict convicting defendant of one count of the crime of criminal possession of stolen property in the first degree and two counts of the crime of criminal possession of stolen property in the second degree. During a stolen vehicle investigation, the Federal Bureau of Investigation (FBI) and State Police obtained a warrant to search defendant's truck repair and dismantling business for stolen truck parts, business records of sales of parts, and equipment capable of changing serial numbers. Following seizure of evidence and the taking of defendant's statement, he was indicted on several counts of criminal possession of stolen property. After an unsuccessful attempt to suppress his statement and to dismiss the indictment, defendant was tried and convicted on three counts. On this appeal, defendant argues lack of probable cause for the issuance of the search warrant, asserting that the information supporting the application was stale (see *Sgro v United States,* 287 US 206), and failed to establish reasonable

grounds to believe that any stolen truck parts would be found on his premises (see *Berger v New York,* 388 US 41). We disagree. The Fourth Amendment requires that search warrants issue only upon probable cause, the determination of which rests on the particular facts and circumstances of each case as presented to the magistrate at the time of the warrant application (CPL 690.40, subd 2; *People v Nieves,* 36 NY2d 396, 402). Factors to be considered include the source of information and the manner in which it was acquired, the expertise of the officers involved, the extent to which the information was verified, and the nature of the crime *(People v Hanlon,* 36 NY2d 549, 559). Here, the supporting affidavit was made by a State Police investigator who, in conjunction with an FBI special agent, was conducting an investigation into stolen motor vehicle parts. The affidavit included information that a Mack truck rear end purchased from defendant on May 15, 1980 was from a truck stolen in December, 1979, and that two Cummins engines with identical serial numbers were purchased from defendant, one of which was from a stolen truck and neither of which was the originally numbered engine. Information pertinent to the Cummins engines was gained on May 9 and 30, 1980. The illegal status of each of these parts was verified through the respective manufacturers. After a hearing, a search warrant was executed on June 5, 1980. Due to the nature of the crime, we cannot agree that the time gap between the discovery of this information and the warrant application rendered the information stale. Probable cause is not determined simply by counting the number of days between the occurrence of the events relied upon and the warrant's issuance *(United States v Rahn,* 511 F2d 290). Information may be acted upon as long as the practicalities dictate that "[p]robable cause existent in the past" may continue *(United States v Brinklow,* 560 F2d 1003, 1005, cert den 434 US 1047). This assessment "depends largely upon the property's nature" *(supra,* at p 1006). Based on the separate transactions outlined in the warrant application, it was logical to assume that the criminal activity was continuous and that other stolen truck parts would be found on defendant's premises, or, at least, that records pertinent to these transactions were available. The fact that the identical items observed by the investigators were not on the property did not preclude a search for other stolen truck parts. In our view, the warrant was supported by probable cause. Nor are we persuaded by defendant's further contention that the warrant failed to adequately particularize the property to be seized. The requirement of particularity must be measured in terms of common sense, not hypertechnical accuracy. "In determining the reasonableness of a particular warrant application it is also appropriate to consider * * * the difficulty of a more specific description" *(People v Nieves,* 36 NY2d 396, 405, *supra*). The suppression court properly noted the practical difficulties inherent in the investigation. Once a truck is dismantled, its separate parts are not so readily identifiable, and whether a particular part is stolen may not ordinarily be determined in advance. Where reasonable cause exists to believe that a vehicle dismantler has processed stolen auto parts on a continuous basis, the likelihood that other stolen parts may be on the premises is sufficient to justify issuance of a warrant. It follows that refusal to suppress either the evidence derived from the search or defendant's statement as the "fruit" of an unlawful search was not error. Moreover, the record confirms a knowing and intelligent waiver of timely given *Miranda* warnings. Having so concluded, we need not determine whether the search would have been authorized solely on the basis of section 415-a of the Vehicle and Traffic Law, pertaining to inspection and regulation of vehicle dismantlers. We have examined defendant's remaining challenges and find them to be without

merit. Judgment affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.