■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY L. MONTZ, Appellant.—Judgment unanimously affirmed. Memorandum: The issue on this appeal is whether the information contained in the search warrant application was stale. The informant's in camera testimony before the Magistrate disclosed that the informant observed the sale of drugs by the defendant from October 2, 1983 through October 31, 1983. The search warrant was issued on October 31, 1983 based upon this testimony and affidavits of two police officers.

The determination to issue a search warrant rests on the particular facts and circumstances of each case as presented to the Magistrate at the time of the warrant application (CPL 690.40 [2]; People v Nieves, 36 NY2d 396, 402).

We conclude after a review of the in camera testimony that the trial court determined that the informant had testified to continuous criminal conduct on the part of defendant at his apartment up until October 27, 1983, four days before the issuance of the warrant; thus the search warrant was valid (see, People v Teribury, 91 AD2d 815, 816). (Appeal from judgment of Erie County Court, Forma, J.—attempted criminal possession of controlled substance, fourth degree.) Present —Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.