■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE PADILLA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered March 31, 1986, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Pitaro, J.), of that branch of the defendant's omnibus motion which was to controvert a search warrant.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the search warrant which was issued on October 20, 1982, was "stale", since it related to undercover drug transactions which took place on October 2 and October 9, 1982. "[I]t is manifest that the proof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time. Whether the proof meets this test must be determined by the circumstances of each case" (Sgro v United States, 287 US 206, 210-211). Under the circumstances of this case, the hearing court did not err in finding that there was probable cause for the issuance of the search warrant.

We also reject the defendant's contention that the police were obligated to inform the issuing court that subsequent to the issuance of the warrant but prior to its execution that same day, the transfer of the drugs occurred at a location different from the premises specified in the search warrant. The record clearly indicates that the police still had probable cause to believe that the defendant's home was the source of the cocaine which was passed on October 20th.

The defendant argues that the search of a combination safe found in a bedroom closet in his home was unlawful because it went beyond the scope of the search warrant. We disagree. The warrant authorized the search of the defendant's home for cocaine, drug paraphernalia and United States currency used in drug transactions. Since the safe may have contained the items authorized to be seized, a search of the safe was clearly within the scope of the warrant (see, United States v Ross, 456 US 798, 820-823; People v Tutora, 116 AD2d 607).

We also find that rebuttal testimony by the People's witnesses that the defendant was found in the possession of "buy money" did not deny the defendant the right to a fair trial. We note that the trial court gave specific limiting instructions in its jury charge, to wit: "You are to draw no inference from the Rebuttal testimony that Defendant was involved in a

narcotics sale to which reference was made during that testimony".

The defendant's claim that the jury's verdict was repugnant is without merit. In light of the trial court's charge to the jury, describing the essential elements of each crime, the jury could have properly found the defendant guilty of criminal possession of a controlled substance in the first degree, an essential element of which is possession of cocaine weighing an aggregate of four ounces or more, and not guilty of criminal possession of a controlled substance in the third degree, an essential element of which is the possession of the substance with the intent to sell (see, People v Tucker, 55 NY2d 1, rearg denied 55 NY2d 1039). The defendant was also acquitted on the third count of the indictment, charging him with criminally using drug paraphernalia in the second degree. A review of the charge indicates that the elements required for conviction on that count clearly differed from those required for a conviction of criminal possession of a controlled substance in the first degree. Therefore, the verdict was not repugnant. Brown, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.