■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID FREITAG, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered October 7, 1987, convicting him of rape in the first degree (two counts), attempted rape in the first degree, attempted sodomy in the first degree, burglary in the first degree, robbery in the first degree, sexual abuse in the first degree, burglary in the second degree and criminal possession of stolen property in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to controvert a search warrant, suppress physical evidence, and to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

During the early morning hours of May 21, 1986, the complainant was raped in her home. After the perpetrator fled, the complainant got into her car and noticed that the contents of the glove compartment had been scattered over the seat and floor. She proceeded to drive to her parents' home where she called the police. After a preliminary investigation of the complainant's home had been conducted, the police secured the premises and returned to the precinct. When they returned to the premises some two hours later, they discovered that the complainant's house had been burglarized and that the perpetrator of the burglary had entered the residence in the same manner as the rapist.

During the course of the investigation the police also discovered a surgical glove in the roadway which connected the complainant's home to the defendant's residence. A similar glove was found in the complainant's car. On November 13, 1986, agents from the Federal Bureau of Investigation identified a fingerprint which was recovered from the surgical glove as that of the defendant.

On November 21, 1986, a search warrant was issued by the Special Sessions Court of the Town of Greenburgh, based upon an application which alleged that there was reasonable cause to believe that stolen property and evidence were to be found in the defendant's bedroom and in two vehicles owned by him. The search warrant application included a detailed list of the items sought to be recovered. Following the search, the defendant was arrested. He subsequently moved to controvert the warrant and to suppress the evidence which was obtained as a result thereof.

The Supreme Court determined that probable cause existed for the issuance of the warrant, that the investigating officers had not exceeded the scope of the warrant, and that the seizure of certain items, which were not listed in the warrant, was, nevertheless, proper since these items were observed in plain view. The court did, however, suppress other items not included in the warrant on the ground that they were not in plain view, nor readily identifiable as stolen property.

The defendant pleaded guilty to charges arising from the rape and burglary. He claims on appeal that the Supreme Court erred in denying those branches of his omnibus motion which were to controvert the search warrant and to suppress physical evidence, as well as statements made to the police.

Contrary to the defendant's contentions, we find that the Supreme Court was correct in concluding that probable cause existed for the issuance of the search warrant *(see,* CPL 690.40 [2]; *People v Nieves,* 36 NY2d 396) based upon the information supplied by the police which connected the defendant to the commission of the crimes. Nor is there merit to the defendant's contention that the information utilized to procure the warrant was stale. Although six months had elapsed between the date of the incident and the issuance of the warrant, considering the nature of the items to be seized, the fact that the critical results of the FBI fingerprint analysis were disclosed on November 13, 1986, and the fact that the warrant was obtained shortly thereafter, we find no merit to the defendant's challenge to the validity of the warrant on this ground *(see, United States v Rahn,* 511 F2d 290; *United States v Brinklow,* 560 F2d 1003, *cert denied* 434 US 1047; *People v Christopher,* 101 AD2d 504, *revd on other grounds* 65 NY2d 417; *People v Teribury,* 91 AD2d 815).

We have examined the defendant's remaining contentions and find them to be without merit. Eiber, J. P., Kooper, Sullivan and Harwood, JJ., concur.