Contrary to the People's position, the majority of the defendant's challenges to the prosecutor's remarks were preserved for appellate review since the defendant moved for a mistrial at the close of the prosecutor's summation based upon most of the remarks challenged on appeal *(see,* CPL 470.05 [2]). However, we conclude that the vast majority of the prosecutor's allegedly objectionable remarks constituted either fair comment on the evidence or were properly responsive to comments made by defense counsel in summation *(see, People v Rawlings,* 144 AD2d 500). Any error caused by the remaining challenged remarks was harmless in view of the overwhelming proof of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ALLEN, JR., Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered July 9, 1987, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

Initially we note that the hearing court's findings that *Miranda* warnings were properly administered to the defendant *(see, Miranda v Arizona,* 384 US 436) and that he voluntarily chose to waive his rights, are amply supported by the record. The defendant offered no evidence at the hearing to refute the proof of his intelligent waiver. Therefore, the hearing court properly denied suppression of the defendant's statement.

In addition, the court properly denied suppression of a folded dollar bill containing a tablet of LSD, which was found in a dresser drawer in the defendant's house. The search of the drawer and seizure of these items clearly fell within the scope of the search warrant *(see, People v Padilla,* 132 AD2d 578).

As to the defendant's claim of ineffective assistance of counsel, predicated upon his allegation dehors the record that counsel ignored his express desire to testify before the Grand Jury and at trial, the defendant's appropriate remedy is to bring a proceeding pursuant to CPL 440.10 *(see, People v Hamlin,* 153 AD2d 644; *People v Brown,* 45 NY2d 852). With respect to those allegations of ineffective assistance of counsel which are based on matters in the record, we find that the defendant has failed to demonstrate a deprivation of his right to effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137; *People v Rivera,* 71 NY2d 705).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.