FOURTH DEPARTMENT, OCTOBER, 1990

(October 5, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIE LIKELY, Respondent.—Order unanimously affirmed. Memorandum: The suppression court did not err in granting defendant's motion to suppress evidence obtained pursuant to two search warrants executed at defendant Bryant's residence and upon the persons of defendants Likely and McGriff.

Probable cause for the issuance of the eavesdropping warrant was not established, and the police did not make an adequate showing that normal investigative procedures had been tried and had failed and that other investigative procedures appeared unlikely to succeed if tried (CPL 700.15). The People cannot rely on defendant's conduct to establish probable cause because such conduct was equivocal and, at best, evinced only suspicious activity *(see, People v Bigelow,* 66 NY2d 417; *People v Corrado,* 22 NY2d 308, *rearg denied* 23 NY2d 921). Moreover, information allegedly furnished by the confidential informant was insufficient to establish probable cause because there was no showing of the informant's basis of knowledge and reliability *(Aguilar v Texas,* 378 US 108;

*People v Montague,* 19 NY2d 121, *cert denied* 389 US 862). Finally, the People's claim that the residential character of defendant Bryant's neighborhood precluded effective surveillance is belied by the fact that the police were successful in maintaining surveillance after the wiretap was in place. (Appeal from order of Monroe County Court, Connell, J.—dismiss indictment.) Present—Dillon, P. J., Boomer, Pine, Davis and Lowery, JJ.