■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD C. WILKERSON, Appellant.—Mikoll, J. Appeal from a

judgment of the County Court of Broome County (Monserrate, J.), rendered January 27, 1989, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

Defendant raises two issues on this appeal: (1) whether a motion to suppress evidence seized pursuant to a search warrant executed on June 3, 1988 and based on information garnered some four weeks previously should have been granted, and (2) whether the prosecution failed to establish a chain of possession of evidence seized pursuant to the search warrant.

On May 13, 1988, the City of Binghamton police obtained a search warrant covering, *inter alia,* the person of defendant, the apartment of his girlfriend and any vehicle that defendant may be driving. The warrant expired without being executed, prompting police to seek a new warrant on June 2, 1988 based essentially on the information supporting the original warrant. This new warrant was executed on June 3, 1988 when defendant was stopped in his vehicle. At that time a white substance, later found to be cocaine, was seized. County Court ultimately denied a motion by defendant to suppress the evidence. We concur with that finding.

It appears that the basis of the May 13, 1988 warrant application stemmed from the revelations of a confidential but identified informant who observed cocaine at the girlfriend's apartment one week prior to the date of the first search warrant. The informant's affidavit indicates that defendant and his girlfriend had stated in conversations with him that they were in the regular business of selling cocaine. Defendant urges, citing to *Sgro v United States* (287 US 206), that it is unlikely that cocaine observed by the informant during the first week of May 1988 could in fact be the cocaine found in defendant's vehicle on June 3, 1988; consequently the information used to support the first warrant was too stale to provide the requisite probable cause to support the second warrant.

We find that the application submitted in support of the search warrant provided sufficient information to support a reasonable belief that evidence of illegal activity would be present at the time and place of the search *(see, People v Bigelow,* 66 NY2d 417). It was thus not unreasonable for the issuing Magistrate to find that a four-week lapse of time, in the context of a suspect believed to be in the regular business of selling cocaine, fails to diminish the likelihood that the

ongoing nature of the activity remained the same four weeks later.

On the second issue raised, defendant's objection to the introduction of the seized cocaine was overruled on the ground that defendant failed to demonstrate that there was a missing link in the chain of possession while in police custody. "[D]eficiencies in the chain of custody go to the weight of evidence, not its admissibility, provided that [the] requirements of proof of identity and unchanged condition are met" *(People v Ramos,* 147 AD2d 718, *lv denied* 74 NY2d 817). Here, no claim was made that any tampering occurred nor was any evidence produced to so indicate. While gaps in the chain of custody may cast suspicion on the integrity of the evidence *(People v Arthur,* 99 AD2d 595), mere suspicion may be dispelled where, as here, " 'circumstances provide reasonable assurances of [the] identity and unchanged condition' of the evidence" *(People v Anderson,* 99 AD2d 560, 561, quoting *People v Porter,* 46 AD2d 307, 311). Defendant at no time claimed nor was evidence produced indicating that the evidence in question was ever out of police custody or had been tampered with while under police custody. The evidence was thus properly admitted into evidence.

Judgment affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.