■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAULETTE CLARKE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered February 7, 1990, convicting her of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

Contrary to the defendant's contention, the hearing court's determination that probable cause existed to issue the search warrant on July 26, 1988, was not based on stale information. In support of his application for a search warrant, the police officer submitted an affidavit which stated that an undercover officer purchased a vial of cocaine for $30 at the defendant's premises on June 9, 1988. Further, the police officer's affidavit stated that another undercover officer went to the defendant's premises with an unidentified man who entered the defendant's premises and returned with two plastic vials of cocaine on July 18, 1988. When combined, the two described drug transactions provided a significant indicia of continuing criminal activity to allow the issuing Justice to conclude that probable cause existed to believe that narcotics were being kept at the defendant's premises on July 26, 1988 (see, People v Hansen, 38 NY2d 17; People v Hanlon, 36 NY2d 549; People v Tune, 103 AD2d 990; People v Davis, 93 AD2d 970; People v Teribury, 91 AD2d 815; People v McCants, 59 AD2d 999; People v Freitag, 148 AD2d 544). Indeed, we note that probable cause is not to be determined by counting the number of days between the occurrence of the events relied upon and the issuance of the search warrant. Information may be acted upon as long as the practicalities dictate that a state of facts existing in the past, which is sufficient to give rise to probable cause, continues to exist at the time the application for a search warrant is made (see, People v Teribury, supra; United States v Rahn, 511 F2d 290, cert denied 423 US 825; United States v Brinklow, 560 F2d 1003, cert denied 434 US 1047).

We agree with the defendant that the police officer should not have been permitted to testify as to his conversation with an Assistant District Attorney and the court before the issuance of the search warrant (see, People v Cruz, 100 AD2d 882; People v Brown, 91 AD2d 639; People v Tufano, 69 AD2d 826). However, we find that the prejudice suffered by the defendant from the admission of this testimony was minimal and does not constitute reversible error (see, People v Crimmins, 36

NY2d 230). The police officer was only permitted to testify as to the general procedure followed to obtain the search warrant, and not as to the underlying facts and circumstances surrounding its issuance.

Contrary to the contention of the defendant, the trial court did not err in refusing to allow her to introduce a civilian complaint filed by her against the police into evidence on direct examination. Although evidence of bias is directly probative of credibility (see, People v Chin, 67 NY2d 22; People v Thomas, 46 NY2d 100; Matter of Edward F., 154 AD2d 464; People v Ellis, 126 AD2d 663), the extent to which an examination may be pursued for the purpose of establishing bias rests with the discretion of the trial court (see, People v Brooks, 131 NY 321; People v Folk, 145 AD2d 505). In this case, the defendant was permitted to testify at length with respect to the conduct complained of in her civilian complaints. The trial court thus did not improvidently exercise its discretion in refusing to admit the civilian complaint into evidence on direct examination since a party may not bolster the testimony of his or her witnesses by showing that they have made prior consistent statements (see, People v Davis, 44 NY2d 269; People v Kelly, 38 AD2d 1004). Nor do we find that the trial court improvidently exercised its discretion in refusing to admit the civilian complaint into evidence on re-direct examination since the prosecutor's cross-examination of the defendant did not imply that she had recently fabricated her testimony (see, People v Davis, supra).

While several of the prosecutor's comments exceeded the proper bounds of summation, we do not find that the prosecutor's summation, when viewed as a whole, deprived the defendant of a fair trial (see, People v Roopchand, 107 AD2d 35, affd 65 NY2d 837; People v Galloway, 54 NY2d 396).

We find that the defendant's sentence was not excessive (see, People v Farrar, 52 NY2d 302, 305; People v Suitte, 90 AD2d 80). Thompson, J. P., Bracken, Lawrence and Eiber, JJ., concur.