■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS M. ACEVEDO, Appellant.—Crew III, J. Appeal from a judgment of the County Court of Rensselaer County (Ceresia Jr., J.), rendered April 26, 1989, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the third degree.

On February 19, 1986 Robert Dodge was arrested and taken to police headquarters for questioning. While at police headquarters, he was asked if he knew anyone selling cocaine from whom he could make a buy. He advised the police that defendant, Dodge's neighbor, sold cocaine and that Dodge could make a buy from him. Dodge was then taken to a parking lot near defendant's apartment and given $40 for the purchase of one half of a gram of cocaine. Dodge left the police, went into defendant's apartment and returned with a packet of white powder which he claimed to have purchased from defendant. On February 24, 1986 Dodge executed an affidavit swearing to these facts. On April 25, 1986 the police applied for a search warrant of defendant's apartment supported by Dodge's affidavit. The warrant was issued on April 25, 1986 and executed seven days later. As a result of the search of defendant's apartment, the police seized a handgun and a quantity of cocaine. Following indictment, defendant's motion to suppress the physical evidence seized as the result

of the search was denied. Defendant was ultimately convicted of possessing the handgun and the cocaine. On appeal, defendant contends, *inter alia,* that the search warrant was improperly issued because the information upon which it was based was stale. We agree.

The statutory scheme in New York does not impose any time limitation on the revelation of information which leads to the issuance of a search warrant *(see,* CPL 690.30). It has been observed, however, that " '[I]t is manifest that the proof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause *at that time' " (People v Padilla,* 132 AD2d 578, quoting *Sgro v United States,* 287 US 206, 210-211 [emphasis supplied]). Where there is a time lapse between disclosure of the information sought to establish probable cause and the issuance of a warrant, substantial reliance will be placed on the nature of the offense in order to determine whether the requisite probable cause continues to exist. Where, for instance, the activity is of a continuing nature, a greater time lapse is justified than where the offense is an isolated one *(see, People v Wilkerson,* 167 AD2d 662; *see also, United States v Beltempo,* 675 F2d 472, 477, *cert denied* 457 US 1135). In the case at bar, the supporting affidavits contain allegations of a solitary sale some two months prior to the application for the search warrant. There were no allegations of ongoing or continuing criminal activity *(see, People v Loewel,* 50 AD2d 483, 486-487, *affd* 41 NY2d 609; *cf., People v Tune,* 103 AD2d 990). As such, there could be no reasonable belief, except upon the purest conjecture, that the cocaine from which Dodge's one half gram derived, if indeed there was additional cocaine at that time, was still on defendant's premises at the time of the application for the warrant.

Mikoll, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law, motion to suppress granted and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this court's decision.