THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBORAH CANDELLA, Appellant.

Fourth Department, November 15, 1991

APPEARANCES OF COUNSEL

*John Humann* for appellant.

*Peter L. Broderick, District Attorney (Thomas Brandt* of counsel), for respondent.

OPINION OF THE COURT

DOERR, J. P.

Following an informant's tip that defendant Joseph Piccirillo was a cocaine dealer, Officer Pierini of the Niagara Falls Police Department arranged for the informant to make a cocaine purchase from Piccirillo. The informant telephoned Piccirillo to set up the deal, and Officer Pierini observed the informant enter the four-unit apartment building where Piccirillo resided with defendant Cynthia DiMarco. The informant returned with a package which contained cocaine.

Based upon this controlled buy, Officer Pierini prepared an application for a pen register order, which was signed by the District Attorney and granted by Niagara County Court on July 11, 1989. Thirty days later, an eavesdropping warrant was granted by Niagara County Court, based upon the application of the District Attorney, which was supported by an affidavit of Officer Pierini. As a result of information obtained from the wiretapping of defendant's telephone pursuant to the eavesdropping warrant, a search warrant for the apartment shared by Piccirillo and DiMarco was obtained on September 28, 1989, and executed on October 6, 1989. Cocaine and drug paraphernalia were recovered and defendants Piccirillo and Cynthia DiMarco were arrested.

Piccirillo was eventually indicted in a multicount indictment. Defendants Deborah Candella and David DiMarco were also indicted, the charges against them based in part upon conversations intercepted pursuant to the eavesdropping warrant. Cynthia DiMarco entered a plea of guilty to a superior court information charging criminal possession of a controlled substance in the fifth degree and agreed to cooperate in the investigation.

Defendants Piccirillo, Candella, and David DiMarco joined in a motion to suppress the fruits of the pen register order, the eavesdropping warrant, and the search warrant. Following the denial of the motion, Candella entered a plea of guilty to one count of attempted conspiracy in the second degree, and David DiMarco entered a plea of guilty to one count of criminal possession of a controlled substance in the fifth degree. Each was sentenced to serve one year in the Niagara County Jail. Defendant Piccirillo was convicted following a jury trial of conspiracy in the second degree, two counts of conspiracy in the fourth degree, one count of criminal sale of a controlled substance in the third degree, one count of

criminal possession of a controlled substance in the fifth degree, and two counts of criminal use of drug paraphernalia in the second degree. He was sentenced to serve indeterminate, concurrent terms, the highest being three to nine years.

We reject defendants' challenges to the validity of the pen register order. However, we agree with the arguments of defendants that the fruits of the eavesdropping warrant must be suppressed.

The application for the eavesdropping warrant was sworn to by the District Attorney and was supported by the affidavit of Officer Pierini. Probable cause to issue the warrant was based upon the single purchase of cocaine in June 1989. Officer Pierini also referred to information given by a different informant that cocaine dealing took place at a certain bar and, according to information obtained through the pen register, telephone calls took place between this bar and Piccirillo's telephone. However, County Court properly rejected this information on the ground that the reliability of the informant had not been established.

We conclude that the information concerning a single sale of cocaine to an informant in June 1989 was stale and did not establish probable cause for the issuance of an eavesdropping warrant in mid-August 1989. "[P]roof of probable cause 'must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time' " (People v Christopher, 101 AD2d 504, 527, revd on other grounds 65 NY2d 417, quoting Sgro v United States, 287 US 206, 210; see also, People v Padilla, 132 AD2d 578; People v Loewel, 50 AD2d 483, affd 41 NY2d 609). Staleness is not determined merely by "counting the number of days between the occurrence of the events relied upon and the warrant's issuance" (People v Christopher, supra, at 527; People v Teribury, 91 AD2d 815). The determination must be based upon the "particular facts and circumstances of each case as presented to the magistrate at the time of the warrant application" (People v Christopher, supra, at 527; see also, People v Nieves, 36 NY2d 396, 402). "Information may be acted upon as long as the practicalities dictate that '[p]robable cause existent in the past' may continue" (People v Teribury, supra, at 816, quoting United States v Brinklow, 560 F2d 1003, 1005, cert denied 434 US 1047).

The application of these principles to the facts before us compels the conclusion that the eavesdropping warrant was

not issued upon probable cause. The evidence of a single sale of cocaine to an informant in June 1989 was not refreshed by information about continued drug activity occurring between the sale and the application for the eavesdropping warrant *(see, People v Baris,* 116 AD2d 174, 184, *lv denied* 67 NY2d 1050; *People v Christopher, supra,* at 528). Evidence of a single drug transaction does not, without more, support the conclusion that the activity is continuous *(cf., People v Acevedo,* — AD2d — [3d Dept, July 11, 1991]; *People v Teribury, supra,* at 816). If this were not the case, an eavesdropping warrant could issue every time an informant arranged for a single successful drug buy over the telephone.

We further conclude that the warrant application was deficient because it failed to demonstrate the necessity for the intrusion *(see,* CPL 700.15 [4]). Eavesdropping warrants, because of their highly intrusive nature, should be resorted to only when it is "absolutely necessary to do so" *(People v Gallina,* 95 AD2d 336, 339), and should not be used as a "first step" in the investigation *(People v Baris, supra,* at 187; *People v Viscomi,* 113 AD2d 76, 77, *lv denied* 67 NY2d 658). This is not to say that the police must exhaust all other possible steps or that electronic surveillance can be sought only as a last resort *(see, People v Campaigni,* 151 AD2d 1010, *lv denied* 74 NY2d 845; *People v Baris, supra; People v Carson,* 99 AD2d 664, 665). The issuing Magistrate must be informed of the nature, progress, and difficulties inherent in the use of normal investigative techniques to ensure that eavesdropping is more than just a " 'useful tool' " *(People v Baris, supra,* at 187, quoting *People v Gallina, supra,* at 340), and the Magistrate must test the People's showing "in a practical and commonsense fashion in the context of the objectives of the investigation" *(People v Baris, supra,* at 187).

The application before us failed to set forth adequate justification for the use of this highly intrusive means of investigation. At the time of the warrant application, the investigation was only about two months old and the effort expended by the police was minimal. Although the police had been successful in arranging a controlled purchase of cocaine from Piccirillo, they failed to follow up on this method. This was not a situation where defendant was acting in an evasive manner and refused to deal with the informant *(cf., People v Bachiller,* 159 AD2d 955, *lv denied* 76 NY2d 784; *People v Hafner,* 152 AD2d 961, 962), or where the informant had tried to get defendant to identify his sources and had been rebuffed *(cf.,*

*People v Campaigni, supra).* The relative ease with which the informant arranged a buy directly from Piccirillo belies any notion that using the informant to obtain further information would have been unproductive. Moreover, the assertions in the application that there were no areas around defendant's apartment building from where surveillance could be conducted is directly contradicted by the fact that surveillance was successfully accomplished after the eavesdropping warrant was granted *(see, People v Likely,* 166 AD2d 872, 873).

We conclude that the facts set forth in the application demonstrated, at most, that eavesdropping would be a "useful tool" in the investigation. That was not a sufficient showing and the fruits of the eavesdropping warrant must be suppressed. Because the search warrant was based upon information obtained through eavesdropping, the fruits of the search warrant must likewise be suppressed. In light of our determinations on the issues discussed herein, it is unnecessary to address any of the remaining issues raised by defendants.

Accordingly, the judgments of conviction should be reversed, defendants' motion to suppress granted insofar as it sought suppression of the fruits of the eavesdropping and search warrants, and the matters remitted to Niagara County Court for further proceedings on the indictment.

DENMAN, BOOMER, GREEN and DAVIS, JJ., concur.

Judgment unanimously reversed, on the law, plea vacated, motion granted and matter remitted to Niagara County Court for further proceedings on the indictment, in accordance with the opinion by DOERR, J. P.