■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER C. HULSEN, JR., Appellant.—Judgment, Supreme Court, New York County (Juanita Bing Newton, J.), rendered August 13, 1990, convicting defendant upon his guilty plea of one count of scheme to defraud in the first degree, and sentencing him to five years probation and a fine of $1,000, unanimously affirmed.

Defendant, a licensed private investigator, was the sole owner, director and shareholder of Geil Higgin Associates, Ltd., located in Elmont, New York. At the behest of clients, defendant would conduct investigative searches into the backgrounds of specified individuals. Defendant assumed the identity of an actual police officer and acquired confidential information from the New York Police Department in respect to some two hundred individuals. Police Department investigators traced these requests back to a telephone located at defendant's place of business.

Defendant's sole business is that of gathering information. That he engaged in illegal conduct in furtherance of a portion of that business would not ordinarily justify the issuance of an all encompassing search warrant as was issued herein unless the underlying operation was one permeated with fraud *(compare, e.g., United States Postal Serv. v C.E.C. Servs.,* 869 F2d 184; *compare, also, United States v Brien,* 617 F2d 299, *cert denied* 446 US 919). The degree of precision concerning records requested in a warrant necessarily must vary with the type of items, the nature of the operation, and the circumstances of the case *(United States v Henson,* 848 F2d 1374, *cert*

*denied* 488 US 1005). A reviewing court must use a "practical margin of flexibility * * * a description of the property will be acceptable if it is as specific as the circumstances and nature of activity under investigation permit." *(United States v Wuagneux,* 683 F2d 1343, 1349, *cert denied* 464 US 814.) In the instant case defendant conducted some two hundred investigations involving illegally obtained information and thus it was not practicable, and likely not possible, to parse out records and documents relating solely to defendant's illegal activities when such activities were inextricably connected with his otherwise lawful business. Consequently we conclude that the warrant was not overbroad. We note that the warrant otherwise was limited by time and location. We have examined defendant's other contentions and find them to be without merit. Concur—Kupferman, J. P., Asch, Kassal and Rubin, JJ.