■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERROL BRYAN, Appellant. [595 NYS2d 150] —Judgment unani-

mously affirmed. Memorandum: Defendant contends that the search warrant was not supported by probable cause because it was based on insufficient and stale information contained in the application. We disagree. The affiant, a Monroe County Deputy Sheriff and a member of that Department's Drug Enforcement Task Force, did not merely repeat second hand information provided by a confidential informant. Rather, he had personal knowledge of the facts, gained through independent investigation, which established probable cause *(see, People v St. Louis,* 177 AD2d 882, 885, *lv denied* 79 NY2d 953; *People v Rizzo,* 126 AD2d 909, 910). Moreover, contrary to defendant's contention, the information supporting the search warrant issued on September 25, 1987 was not stale merely because it was acquired 11 days earlier. "[P]robable cause is not to be determined by counting the number of days between the occurrence of the events relied upon and the issuance of the search warrant. Information may be acted upon so long as the practicalities dictate that a state of facts existing in the past, which is sufficient to give rise to probable cause, continues to exist at the time the application for a search warrant is made" *(People v Clarke,* 173 AD2d 550; *see also, Sgro v United States,* 287 US 206, 210-211; *People v Wilkerson,* 167 AD2d 662, 663-664, *lv denied* 78 NY2d 958; *People v Padilla,* 132 AD2d 578; *People v Teribury,* 91 AD2d 815). Therefore, we conclude that the search warrant application provided the issuing magistrate with information sufficient to support a reasonable belief that evidence of illegal drug activity would be present at the time and the place of the search *(see, People v Edwards,* 69 NY2d 814, 816; *People v Bigelow,* 66 NY2d 417, 423).

The trial court erred by precluding defendant, on hearsay grounds, from testifying about a conversation he allegedly had with the deputy on September 18, 1987. We deem the error harmless, however, in light of the overwhelming proof of defendant's guilt. There is no significant probability that the jury would have acquitted defendant had it not been for that error *(see, People v Crimmins,* 36 NY2d 230, 242). Moreover, the record reveals that defendant testified about that conversation.

There is no merit to defendant's contention that the trial court's charge on reasonable doubt had the effect of reducing the People's burden of proof *(see, People v Antommarchi,* 80

NY2d 247, *rearg denied* 81 NY2d 759). Finally, the sentence imposed was neither harsh nor excessive. (Appeal from Judgment of Monroe County Court, Callanan, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Pine, Lawton, Fallon and Davis, JJ.