■ TOWN OF EAST HAMPTON, Appellant, v OMABUILD USA No. 1, INC., Respondent. [627 NYS2d 723] —In an action, inter alia, to permanently enjoin the alteration and use of certain improved real property in alleged violation of the Code of the Town of East Hampton, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), dated December 16, 1993, as granted the defendant's motion to invalidate a search warrant and to

suppress all evidence obtained as a consequence of its execution.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

The defendant Omabuild USA No. 1, Inc. (hereinafter Omabuild) is the owner of certain real property situated on the waterfront of Montauk Lake in the plaintiff Town of East Hampton (hereinafter the Town). The parties have engaged in a long-standing dispute and extensive litigation concerning alleged zoning, building, and fire code violations on Omabuild's premises. On March 8, 1991, during the pendency of this action by the Town to enjoin alleged violations of the Code of the Town of East Hampton (hereinafter the Code), the Town's alleged "Code Enforcement Officer" sought and obtained a criminal search warrant to search the premises for certain zoning violations. Upon execution of the warrant, Town officials photographed and took measurements of alleged Code violations on the premises, and seized a menu and a directory from a club operated on the property. The Town subsequently moved for summary judgment based on the results of the search, and Omabuild moved for an order invalidating the warrant and suppressing the evidence obtained as a consequence of its execution. The Supreme Court granted Omabuild's motion and invalidated the warrant on the grounds that it impermissibly authorized a general exploratory search, it was supported by affidavits of probable cause which alleged stale facts, it improperly authorized a search of unknown persons, and searchers seized items of personal property even though the warrant did not authorize such seizure. This appeal by the Town ensued.

The Town contends that its conduct in this case was more akin to a mere administrative inspection than a true criminal search, and that it should accordingly be judged pursuant to the more relaxed standards applicable to such inspections (see generally, People v Keta, 79 NY2d 474). We disagree. It is clear that the search was criminal in nature, inasmuch as the application for the warrant was made pursuant to CPL article 690, the Town has repeatedly stated that the purpose of the search was to investigate alleged criminal conduct, and the evidence recovered has twice been used as the basis for criminal charges against Omabuild.

Notwithstanding the foregoing, we find the reasons given by

the Supreme Court for invalidating the warrant to be unpersuasive. The warrant did not lack the requisite degree of particularity regarding the premises to be searched and the property to be seized. It is well settled that warrants are not to be read hypertechnically and are to be accorded all reasonable inferences *(see, People v Robinson,* 68 NY2d 541). Moreover, the language of the warrant and of the affidavits underlying the application are entitled to a commonsense interpretation in view of the particular type and degree of criminal conduct alleged *(see generally, People v Nieves,* 36 NY2d 396; *People v Teribury,* 91 AD2d 815). While the language of the warrant in this case is indeed broad with regard to the premises to be searched, it did not authorize a general exploratory search in view of the alleged numerous, pervasive violations which permeated virtually every area of Omabuild's property *(see, People v Hulsen,* 178 AD2d 189; *People v Reynolds,* 124 AD2d 356, *affd* 71 NY2d 552; *People v Bogdan,* 59 AD2d 1026; *People v Katz,* 112 Misc 2d 59). Similarly, the conduct of Town personnel in taking photographs and measurements with respect to alleged code violations was not inappropriate or unauthorized *(see generally, People v Teicher,* 52 NY2d 638; *People v Nelson,* 144 AD2d 714; *People v Katz, supra).*

It appears that the seizure of personal property consisting of the menu and directory exceeded the parameters of the authorized conduct set forth in the warrant. Thus, while these items are subject to suppression, the seizure of these items did not serve to invalidate the warrant. Likewise, even if we were to assume the truth of Omabuild's allegation that Town officials did not comply with the return and inventory provisions of CPL 690.50 (5), noncompliance with these ministerial requirements would not undermine the validity of the warrant or the search *(see, People v Morgan,* 162 AD2d 723; *People v Nelson, supra; People v La Bombard,* 99 AD2d 851; *People v Davis,* 93 AD2d 970). Contrary to Omabuild's argument, Town officials were under no obligation to request consent to enter onto the premises prior to applying for and obtaining the criminal search warrant.

We also find unpersuasive Omabuild's contention that the facts alleged in support of the warrant application were stale and thus *inadequate to* establish probable cause. To be sure, the allegations underlying a warrant application "must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time" *(Sgro v United States,* 287 US 206, 210; *see, People v Candella,* 171

AD2d 329; *People v Padilla,* 132 AD2d 578). However, the question of staleness necessarily turns upon the nature of the alleged offense and the degree to which it constitutes an ongoing or continuing activity *(see, People v Acevedo,* 175 AD2d 323; *People v Teribury, supra).* Hence, "probable cause is not to be determined by counting the number of days between the occurrence of the events relied upon and the issuance of the search warrant. *Information may be acted upon as long as the practicalities dictate that a state of facts existing in the past, which is sufficient to give rise to probable cause, continues to exist at the time the application for a search warrant is made" (People v Clarke,* 173 AD2d 550 [emphasis supplied]; *see, People v Heyward,* 193 AD2d 1137; *People v Bryan,* 191 AD2d 1029). In the instant case, the affidavits of various Town officials alleged numerous ongoing and continuous Code violations of a permanent and semi-permanent nature based in part on personal observations as recent as May 1990, a review of property surveys updated as recently as August 1990, and a statement of one of Omabuild's principals in January 1991. Thus, the allegations were not stale when viewed in the context of the continuing and permanent nature of the alleged violations on the premises.

Furthermore, the Supreme Court's determination that the warrant improperly authorized a search of "certain unknown persons" is based on a misinterpretation of the warrant's language. The reference to "certain unknown persons" in the warrant is merely a description of the occupants of the premises to be searched. The warrant did not in fact authorize the search of any persons, nor was any such authorization sought in the warrant application. Moreover, it is undisputed that no attempt was made to search any individuals on Omabuild's property.

However, while we find the foregoing contentions for invalidating the warrant unavailing, we nevertheless conclude that the matter must be remitted to the Supreme Court for a further consideration and determination of issues regarding the veracity and authority of Roger Walker, the search warrant applicant, in seeking the warrant. Omabuild has come forward with significant documentary evidence which raises issues of fact regarding Walker's representation that he held the position of "Code Enforcement Officer" for the Town at the time of the warrant application. Furthermore, questions exist regarding Walker's authority to apply for a search warrant, inasmuch as CPL 690.05 (1) provides in relevant part that "a local criminal court may, upon application of a police

officer, a district attorney *or other public servant acting in the course of his official duties,* issue a search warrant" (emphasis supplied). The Supreme Court never resolved these issues in disposing of the case, and the record before us is insufficient to determine whether Walker was a "Code Enforcement Officer" and, if so, whether that position authorized him to apply for the search warrant. Accordingly, we remit the matter to the Supreme Court for a determination of these issues after further inquiry and, if necessary, a hearing. We note in this regard that in a separate CPLR article 78 proceeding between the parties, another Justice of the Supreme Court issued a decision in which Walker's status was discussed. That decision, however, is not entitled to collateral estoppel effect, since the discussion of this issue constituted dicta, and no judgment or order was entered on the decision *(see,* 22 NYCRR 202.48 [b]; *Madigan v Klumpp,* 173 AD2d 593; *Seeman v Seeman,* 154 AD2d 584; *Matter of Germain,* 138 AD2d 918; *Hickson v Gardner,* 134 AD2d 930). Sullivan, J. P., Miller, Santucci and Altman, JJ., concur.