■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY MALLORY, Appellant. (Appeal No. 1.) [651 NYS2d 793] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal sale of a controlled substance in the first degree (Penal Law § 220.43 [1]; § 20.00), criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]; § 20.00), criminal sale of a controlled substance in the second degree (Penal Law § 220.41 [1]; § 20.00), and three counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]; § 20.00), arising out of two separate sales of cocaine to an undercover police officer. Defendant was also convicted of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and crim-

inal possession of marihuana in the third degree (Penal Law § 221.20), arising out of the seizure of over 30 ounces of cocaine and almost one pound of marihuana from the trunk of a car registered to defendant's wife. From our review of the record, we conclude that the evidence at trial is sufficient to establish that defendant constructively possessed the contraband found in the trunk of his wife's car. We reject defendant's contention that the proof of constructive possession is not sufficient to exclude to a moral certainty every reasonable hypothesis but that of guilt. The evidence discloses that defendant was seen operating that automobile at the time of the sales of cocaine; that the automobile was registered to defendant's wife; that, at the time of his arrest, defendant had keys that fit the door and trunk of the automobile; that the automobile was parked in front of a house that defendant owned; and that defendant's fingerprints were found on three pieces of paper in which some of the cocaine was wrapped. Viewing the evidence in the light most favorable to the People (*see, People v Williams,* 84 NY2d 925, 926), we conclude that the evidence is sufficient to establish defendant's dominion and control over the contraband found in the trunk of the car (*see, People v Beriguette,* 199 AD2d 515, 517, *affd* 84 NY2d 978, *rearg denied* 85 NY2d 924; *People v Mejie,* 186 AD2d 155; *People v Sturgis,* 177 AD2d 991, 992, *lv denied* 79 NY2d 953; *People v Rowell,* 163 AD2d 833, *lv denied* 76 NY2d 896).

Supreme Court properly denied defendant's motion to suppress. The court properly concluded that there was no deliberate fabrication and that the issuing Judge could properly infer, from statements made by the police officer in his application for the warrant, that defendant was using that automobile to transport cocaine (*see, People v Hanlon,* 36 NY2d 549, 559; *People v Kane,* 175 AD2d 881, 883). We further agree with the suppression court that the information was not stale. While there is no time limitation on the revelation of information that leads to the issuance of a search warrant (*People v Acevedo,* 175 AD2d 323, 324; *see,* CPL 690.30), it is " 'manifest that the proof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time' " (*People v Padilla,* 132 AD2d 578, quoting *Sgro v United States,* 287 US 206, 210-211). Where, as here, the activity is of a continuing nature, a greater time lapse is justified than where the offense is an isolated one (*see, People v Acevedo, supra,* at 324; *People v Clarke,* 173 AD2d 550; *People v Wilkerson,* 167 AD2d 662, *lv denied* 78 NY2d 958; *People v Tune,* 103 AD2d 990).

We have reviewed the other issues raised on appeal and

conclude that they have no merit. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Denman, P. J., Lawton, Callahan, Balio and Boehm, JJ.