■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT MANNGARD, Appellant. [712 NYS2d 582] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered July 30, 1998, convicting him of use of a child in a sexual performance, sexual abuse in the third degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review so much of an order of the same court as denied that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is largely unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (*see,* CPL 470.15 [5]). Contrary to the defendant's contention, he did not establish by a preponderance of the evidence the affirmative defense that he had a good faith reasonable belief that the person appearing in the performance was 16 years of age or older (*see,* Penal Law § 263.20 [1]).

We also find unpersuasive the defendant's contention that the facts alleged in support of the application for the search warrant were stale and thus inadequate to establish probable cause. To be sure, the allegations underlying a warrant application "must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time" (*Sgro v United States,* 287 US 206, 210; *see, Town of E. Hampton v Omabuild USA No. 1,* 215 AD2d 746, 748; *People v Candella,* 171 AD2d 329). However, the question of staleness necessarily turns upon the nature of the alleged offense and the degree to which it constitutes an ongoing or continuing activity (*see, Town of E. Hampton v Omabuild USA No. 1, supra; People v Acevedo,* 175 AD2d 323). "Information may be acted upon as long as the practicalities dictate that a state of facts existing in the past, which is sufficient to give rise to probable cause, continues to exist at the time the application for a search warrant is made" (*People v Clarke,* 173 AD2d 550). In the instant case, the evidence of the child victim clearly established that the defendant engaged in pedophilia and had photographs and videotapes of children engaged in such activities in his home and also on his computer. In addition, the issuing Judge had the affidavit of Detective Danielsson, a well-trained expert in sex crimes and child abuse, which set forth the conduct of pedophiles in photographing their activities and preserving them for future use. This expert evidence was properly considered by the issuing judge in determining that under all of the factors present, the evidence was not stale (*see, United States v Fama,* 758 F2d 834, 838), and probable cause was established for the issuance of the search warrant.

The defendant's remaining contentions are without merit. Sullivan, J. P., S. Miller, Florio and McGinity, JJ., concur.