■ The People of the State of New York, Respondent, v Eduardo Rodriguez, Appellant. [758 NYS2d 172] —Cardona, P.J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered July 2, 2001, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminally using drug paraphernalia in the second degree (two counts), and of the violation of unlawful possession of marihuana.

On December 13, 2000, City of Schenectady police officers executed a search warrant at an apartment on Lincoln Avenue in the City of Schenectady, Schenectady County. The police officers seized, inter alia, a quantity of cocaine packaged for street sale, packaging materials, an electronic scale and a quantity of marihuana. Defendant, apprehended as he was leaving the apartment, and two codefendants were arrested.

After being charged in a five-count indictment, defendant moved to suppress the evidence seized arguing, inter alia, that the search warrant was improperly issued because the information upon which it was based was stale. Following denial of that motion, defendant pleaded guilty to the indictment and was subsequently sentenced to two concurrent indeterminate prison terms of 2 to 6 years.

Initially, we agree with defendant's contention that since the charges of criminal possession of a controlled substance in third degree (count 1), criminal possession of a controlled substance in the fourth degree (count 2) and unlawful possession of marihuana (count 5) were premised upon the statutory presumption set forth in Penal Law § 220.25 (2), he had automatic standing to challenge the legality of the search. The grand jury minutes demonstrate that those possessory charges were premised solely upon the statutory presumption and not upon evidence of actual or constructive possession. Although

the People argue that a letter written by defendant to County Court in December 2000 evidenced constructive possession over the drugs and drug paraphernalia, there is no indication in the grand jury minutes that the letter was introduced into evidence before the grand jury. Therefore, defendant did have standing to challenge the search and seizure of the illicit drugs with respect to these counts (*see People v Millan*, 69 NY2d 514 [1987]).

Turning to the drug paraphernalia charges (counts 3 and 4), the People correctly point out that since these charges arise out of ordinary constructive possession and not a statutory presumption, defendant is required to establish a " '*personal* legitimate expectation of privacy in the searched premises' " in order to prevail on his standing claim (*People v Tejada*, 81 NY2d 861, 862 [1993] [emphasis in original], quoting *People v Wesley*, 73 NY2d 351, 357 [1989]). Since defendant's motion papers are devoid of any factual allegations establishing such a legitimate expectation of privacy in the apartment where the search warrant was executed, he has failed to establish standing to challenge the seizure of the evidence forming the basis of the charges in counts 3 and 4.

Addressing the merits, we find persuasive defendant's argument that the search warrant was issued without probable cause because the alleged criminal activity contained in the application for the search warrant was stale by the date the police applied for the warrant. "[A] search warrant application must provide the magistrate with information sufficient to support a reasonable belief that evidence of illegal activity will be present at the specific time and place of the search" (*People v Edwards*, 69 NY2d 814, 816 [1987]). The proof underlying a warrant application "must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time" (*People v Padilla*, 132 AD2d 578, 578 [1987], quoting *Sgro v United States*, 287 US 206, 210-211 [1932]; *see People v Acevedo*, 175 AD2d 323, 324 [1991]; *People v Candella*, 171 AD2d 329, 331 [1991]). "Information may be acted upon as long as the practicalities dictate that a state of facts existing in the past, which is sufficient to give rise to probable cause, continues to exist at the time the application for a search warrant is made" (*People v Clarke*, 173 AD2d 550, 550 [1991] [citations omitted]; *see People v Teribury*, 91 AD2d 815 [1982]).

Here, in support of the application for the search warrant, two police investigators and a confidential informant submitted affidavits detailing a single controlled buy which occurred

on November 15, 2000. In his affidavit, the informant indicated that he knocked on a window as he walked to the rear of 803 Lincoln Avenue in Schenectady. A voice from inside directed him to a solid wooden door that did not have a doorknob. The informant looked through the hole and observed a young black male. The informant exchanged money for the cocaine through the hole and left the scene with the investigators.

Nearly a month elapsed between that drug transaction and the date of the application for the search warrant. Significantly, the investigators' affidavits contained no allegations of ongoing or continuing criminal activity. Statements in the confidential informant's affidavit referring to the searched premises as the location where "drugs are being sold" and that "there are several young black males who are selling cocaine out of this location" might, at first blush, "give[ ] the impression that the illegal activity was continuing at the time the information was imparted" (*People v Hanlon*, 36 NY2d 549, 557 [1975]). Notably, however, neither "the sources of [this] information [nor] the manner in which it was acquired" are revealed in the affidavit (*id.* at 559; *see People v Teribury, supra*). Furthermore, given the circumstances surrounding the solitary sale, it is not logical to assume that the allegation of continuing criminal activity was based upon the observations of the confidential informant at the time of that sale. Inasmuch as the evidence of the single sale of cocaine was not supported by additional information or observations of continued drug activity occurring between that sale and the application for the search warrant (*cf. People v Clarke, supra; People v Teribury, supra*), we conclude that there could be no reasonable assumption that additional cocaine was still at the premises to be searched at the time of the application for the warrant (*see People v Acevedo, supra; People v Candella, supra*). Accordingly, we find that the search warrant was issued without probable cause. As a consequence, the illegal drugs seized pursuant to it must be suppressed and defendant's convictions for criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and unlawful possession of marihuana must be reversed.

Next, we find no merit in defendant's contention that defense counsel's failure to include sworn allegations of fact sufficient to establish defendant's interest and reasonable expectation of privacy in the searched premises deprived him of the effective assistance of counsel. We note the failure of a defense counsel "to make a particular pretrial motion generally does not, by itself, establish ineffective assistance of counsel" (*People v*

*Rivera*, 71 NY2d 705, 709 [1988]; *see People v Garnsey*, 288 AD2d 761 [2001], *lv denied* 97 NY2d 754 [2002]). In any event, the transcripts of defendant's plea allocution as well as the grand jury presentment demonstrate that the apartment was not used as a residence. The only furniture in the searched premises at the time of the search was a dining room table, from which most of the physical evidence was seized, and four chairs. In the absence of any indicia of defendant's "connectedness" to the apartment (*People v Rodriguez*, 69 NY2d 159, 163 [1987]), counsel's failure to include sworn allegations of fact demonstrating a legitimate privacy interest in the premises searched cannot be deemed ineffective assistance of counsel. Moreover, we conclude that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]).

In light of our decision, we need not address defendant's remaining arguments.

Mercure, Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of criminal possession of a controlled substance in the third degree (count 1), criminal possession of a controlled substance in the fourth degree (count 2) and unlawful possession of marihuana (count 5); motion to suppress physical evidence granted to the extent of suppressing all physical evidence forming the basis of those charges and matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.