■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH COLEMAN, Appellant. [808 NYS2d 527]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered July 30, 2003. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and criminally using drug paraphernalia in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]), and criminally using drug paraphernalia in the second degree (§ 220.50 [2]). Contrary to the contention of defendant, County Court properly denied his suppression motion. We reject defendant's contention that the search warrant was improperly issued because the information upon which it was based was stale. There is no outside time limitation applicable to the use of information that leads to the issuance of a search warrant (*see People v Acevedo*, 175 AD2d 323 [1991]). Rather, "[i]nformation may be acted upon so long as the practicalities dictate that a state of facts existing in the past, which is sufficient to give rise to probable cause, continues to exist at the time the application for a search warrant is made" (*People v Park*, 266 AD2d 913, 914 [1999] [internal quotation marks omitted]). "Where, as here, the activity is of a continuing nature, a greater time lapse is justified than where the offense is an isolated one" (*People v Mallory*, 234 AD2d 913, 914 [1996], *lv denied* 89 NY2d 1013 [1997]).

We further reject defendant's contention that the evidence is legally insufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The evidence at trial established that, upon executing a no-knock search warrant to investigate drug activity occurring in the apartment that was the subject of the warrant, the police officers found defendant and four codefendants standing in the kitchen. The officers recovered crack cocaine, money and packaging materials in the kitchen, and in a nearby bedroom they found four prescription receipts in defendant's name that listed the apartment as defendant's address. Viewing the evidence in the light most favorable to the People, as we must (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the inference that defendant was acting in concert with his codefendants who sold the cocaine from the apartment (*see People v Chalmars*, 176 AD2d 239 [1991], *lv*

*denied* 79 NY2d 854 [1992]). Likewise, the evidence is legally sufficient to support the conviction of criminal possession of a controlled substance in the third and fourth degrees because, "[w]hen narcotics are found in open view in a room on private premises, every person 'in close proximity' to the drugs at the time of discovery is presumed by statute [i.e., Penal Law § 220.25 (2)] to have knowingly possessed them" (*People v Daniels*, 37 NY2d 624, 630-631 [1975]).

We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Gorski and Green, JJ.