People v Youngs
2026 NY Slip Op 03832
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Robert Youngs, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2022-00376, (Ind. No. 661/19)
Colleen D. Duffy, J.P.
Lara J. Genovesi
Deborah A. Dowling
James P. McCormack, JJ.

Paul N. Weber, Cornwall, NY, for appellant, and appellant pro se.
David M. Hoovler, District Attorney, Goshen, NY (Cynthia Dolan, Robert H. Middlemiss, and Christopher Kelly of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (William L. DeProspo, J.), rendered December 16, 2021, convicting him of predatory sexual assault against a child, possessing a sexual performance by a child, promoting a sexual performance by a child, and use of a child in a sexual performance, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to controvert a search warrant and to suppress physical evidence seized in the execution thereof.
ORDERED that the judgment is affirmed.
The defendant's contention that he was denied the effective assistance of counsel is based on allegations of ineffectiveness that do not directly involve the plea negotiation process. Thus, by pleading guilty, the defendant forfeited his contention that he was denied the effective assistance of counsel (see People v Ruiz-Solano, 188 AD3d 1267, 1268; People v Vicente, 167 AD3d 951, 952).
Contrary to the defendant's contention, the County Court properly denied the defendant's request for assigned counsel, in substitution of his retained counsel, without inquiring into his finances, as the defendant made no showing of entitlement to assigned counsel to replace his retained counsel (see People v Charles, 116 AD3d 967; People v Wall, 56 AD3d 361, 362).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
Contrary to the defendant's additional contention, raised in his pro se supplemental brief, the County Court properly denied, without a hearing, that branch of his omnibus motion which was to controvert a search warrant and to suppress physical evidence seized in the execution of the warrant. "A search warrant must be based upon information close enough in time to its issuance to justify a finding of probable cause at that time. Whether the proof meets this test must be determined by the circumstances of each case" (People v Fernandez, 210 AD3d 693, 694 [internal quotation marks omitted]). Here, considering all of the relevant circumstances, including the nature of the property to be seized, namely, photographs and videos of underage children engaged in sexual [*2]activity, the information provided in an affidavit was not stale for the purposes of establishing probable cause (see id.; People v Manngard, 275 AD2d 378, 379). Moreover, the search warrant was not overbroad in its description of the property to be seized (see People v Crupi, 172 AD3d 898, 899). The defendant's contentions that the search warrant was executed statutorily late and was overbroad in its execution are unpreserved for appellate review (see CPL 470.05[2]) and, in any event, are without merit.
DUFFY, J.P., GENOVESI, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court