■ In the Matter of RICHARD A. BROWN, as District Attorney of Queens County, Petitioner, v SEYMOUR ROTKER, as Justice of the Supreme Court of the State of New York, Respondent. [625 NYS2d 643] —Proceeding pursuant to CPLR article 78 to prohibit the enforcement of so much of (1) an order of the Supreme Court, Queens County, dated August 12, 1994, as directed the People to provide the defendant with a copy of the Grand Jury minutes under Indictment No. 2728/94, and (2) an order of the same court, dated September 22, 1994, as, upon reargument, adhered to the original determination.

Adjudged that the petition is granted, on the law, without costs or disbursements, and the respondent is prohibited from enforcing the provisions of the orders dated August 12, 1994, and September 22, 1994, which directed the People to provide the defendant with a copy of the Grand Jury minutes under Indictment No. 2728/94.

When the People failed to timely respond to the defendant's omnibus motion, Justice Rotker of the Supreme Court, Queens County, granted the defendant's motion on default. As part of his motion, the defendant requested a copy of the Grand Jury minutes. The court specifically directed the People to supply the defendant with a copy of the Grand Jury minutes. The court also ruled that upon inspection of the Grand Jury minutes, legally sufficient evidence was adduced before the Grand Jury to sustain the indictment. The People moved to reargue the motion. The court granted reargument and adhered to its original determination.

The People then commenced this proceeding pursuant to CPLR article 78 to enjoin Justice Rotker from enforcing those portions of his orders which directed the People to provide the defendant with a copy of the Grand Jury minutes. The People contend that Justice Rotker acted in excess of his authorized powers in directing that the People provide the defendant with a copy of the minutes at this stage of the proceedings.

There is no authority in the Criminal Procedure Law for the court to direct the People to provide a copy of the Grand Jury minutes to the defendant at this stage of the proceedings once the court has found that legally sufficient evidence was adduced before the Grand Jury (see, CPL 210.30 [3]). Accordingly, the respondent Justice exceeded his authority.

In this case, because the petitioner has established a clear

legal right to prohibition and has no other adequate remedy *(see,* CPL 450.20), we exercise our discretion to grant the petition. Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.