■ In the Matter of RICHARD A. BROWN, as District Attorney of Queens County, Petitioner, v CHARLES A. LaTORELLA, JR., as Justice of Supreme Court of the State of New York, et al., Respondents. [645 NYS2d 508] —Proceeding pursuant to CPLR article 78 to prohibit the enforcement of an order of the Supreme Court, Queens County (LaTorella, J.), dated March 8, 1996, which directed the People to provide Verasammy Lachmanaya and Audita Mike Ramotar with a copy of the Grand Jury minutes in a criminal proceeding entitled *People v Verasammy Lachmanaya and Audita Ramotar,* pending in the Supreme Court, Queens County, under Indictment No. 817/95.

Motions by Verasammy Lachmanaya and Audita Mike Ramotar to direct the People to release the Grand Jury minutes.

Upon the petition and papers filed in support thereof and the papers filed in opposition thereto, and in support of the motions, it is

Ordered that the motions are denied; and it is further,

Adjudged that the petition is granted, on the law, without costs or disbursements, and Justice Charles A. LaTorella is prohibited from enforcing the order dated March 8, 1996.

Verasammy Lachmanaya and Audita Mike Ramotar (hereinafter collectively the defendants) were indicted for burglary in the second degree, criminal mischief in the fourth degree, and petit larceny. After pleading not guilty, the defendants moved pursuant to CPL 210.30 to have the court inspect the Grand

Jury minutes and to dismiss the indictment on the ground that the evidence presented to the Grand Jury was legally insufficient to support the charges. Justice Charles A. LaTorella, upon examining the minutes, found that the Grand Jury evidence was legally insufficient to establish the counts of burglary in the second degree, and accordingly dismissed those counts. Thereupon, the People filed a notice of appeal from the court's orders dismissing those counts. Those appeals are presently pending before this Court.

Thereafter, the defendants moved before Justice LaTorella for an order directing the People to disclose copies of the Grand Jury minutes so that they could prepare their appellate briefs. In an order dated March 8, 1996, Justice LaTorella granted the defendants' motion. The District Attorney then commenced this proceeding pursuant to CPLR article 78 to enjoin Justice LaTorella from enforcing his order.

There is no authority in the Criminal Procedure Law for the Supreme Court to direct the People to provide a copy of the Grand Jury minutes to the defendants once the court has made a determination on whether the evidence adduced before the Grand Jury was legally sufficient (*see,* CPL 210.30 [3]; *Matter of Brown v Rotker,* 215 AD2d 378).

In this case, because the petitioner has established a clear legal right to prohibition and has no other adequate remedy (*see,* CPL 450.20; *cf., Matter of Lungen v Kane,* 88 NY2d 861), we exercise our discretion to grant the petition.

In addition the defendants' separate motions for release of the Grand Jury minutes are denied as this Court will examine the Grand Jury minutes *in camera* when reviewing the merits of the pending appeals from the orders dismissing the counts of the indictment which charged the defendants with burglary in the second degree. Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.