OPINION OF THE COURT
William H. Bristol, J.
*41 Linda L. Richmond appeals from a judgment of the Town Court of Gates, Honorable John J. Pisaturo presiding, entered September 11, 1995, following a plea of guilty to one count of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2). The trial court sentenced her to serve a one-year conditional discharge, to pay a $500 fine and a surcharge of $90, and revoked Ms. Richmond’s New York State driver’s license for a period of six months.
For the reasons that follow, the judgment of the local court is reversed.
STATEMENT OF FACTS
On the night of October 29, 1994, Ms. Richmond was driving westbound on Lyell Avenue in the Town of Gates, County of Monroe. She approached a sobriety checkpoint where Sergeant Joseph Mauro of the Town of Gates Police Department stopped her. Three other officers from the Gates Police Department were at the checkpoint. Four marked police vehicles were present, two on the eastbound shoulder and two on the westbound shoulder of the road. All four vehicles had on their headlights, flashers, and take-down lights. Eastbound and westbound traffic was funneled into single lanes through the use of road flares and reflective cones.
After a brief interview by Sergeant Mauro, Ms. Richmond was directed to drive her car to the side of the road. At that point Officer Robert Clar approached the vehicle. He asked Ms. Richmond to exit her vehicle and directed her to carry out several field sobriety tests all of which she failed. Accordingly, she was arrested and transported to the Gates Police Station. Ms. Richmond again performed sobriety tests this time while being videotaped, and submitted to a breathalyzer test which established her blood alcohol content as above the legal limit of .10 of 1%. She was charged with two counts of driving while intoxicated, issued appearance tickets, and released.
After her arraignment on November 11, 1994, defense counsel submitted a motion which sought, among other things, to suppress the arresting officer’s physical observations of the defendant, the results of the field sobriety tests, and the results of the breathalyzer test. Defendant claimed that the initial stop by the police was improper because it failed to meet the legal requirements set forth in People v Scott (63 NY2d 518 [1984]). The People opposed this motion and the court conducted a suppression hearing on February 21, 1995.
At the hearing, both Sergeant Mauro and Officer Clar testified about their respective roles at the sobriety checkpoint on *42 October 29, 1994. It was Sergeant Mauro’s testimony that Lieutenant Alloco of the Gates Police Department had given verbal authorization for this particular checkpoint approximately a week earlier. In doing so, Lieutenant Alloco verbally explained to Sergeant Mauro how he wanted the checkpoint to be conducted, and designated Sergeant Mauro the officer-in-charge. There was no proof submitted of the existence of any written or verbal directives or general orders issued by the Chief of Police under whom Lieutenant Alloco was acting.
Sergeant Mauro later orally instructed Officer Clar on how the checkpoint was to be operated. It remains unclear from the Sergeant’s and officer’s testimony when such instruction was given and whether it was done individually or in a group; no record was kept of the meeting(s) nor was there any record of specific procedures the officers may have been told to utilize by Sergeant Mauro on October 29, 1994. What is clear is that every car was to be stopped unless traffic flow was unduly burdened. It is equally clear that the specific questions asked of stopped motorists were left to the discretion of the individual officers and the particular field sobriety tests to be used were also left to the discretion of the individual officers.
At the conclusion of the hearing the trial court denied Ms. Richmond’s motion finding that the officers acted appropriately and within the normal course of police activity, and scheduled the case for trial. On the trial date, Ms. Richmond pleaded guilty and, later, filed this timely appeal.
After sentencing, the court issued its findings of fact and conclusions of law (see, CPL 710.60 [4]) and stated: "[T]he court found that there was a written order of a general nature, that there was nothing in writing that was — that existed or was otherwise provided on the night of the hearing, but that there was a general discussion between Lieutenant Alloco, who was one of two lieutenants under the chief who represents a senior officer with regard to the placement and general establishment of this stop road check.” (Gates Town Court transcript, Hon. John J. Pisaturo, Jan. 7, 1997, at 5.)
In objecting to this finding of fact, defense counsel claimed, ”[T]he Court is taking judicial notice of a fact that was not proven by the People. That order was not produced.” (Transcript, at 8.) Using personal notes and recollection, the trial court maintained its position stating, 'T do recall that throughout the whole period when those hearings were conducted it was routinely presented.” (Transcript, at 9.) The *43 lower court also stated, "[T]he transcript will obviously resolve this once and for all.” (Transcript, at 10.)
Appellant argues that the Court of Appeals in Scott (supra) required that a roadblock/checkpoint plan be one that is drafted and promulgated by the head of the law enforcement agency in question and be in writing. She contends that such requirements ensure that roadblocks and checkpoints are conducted in a uniform, nonarbitrary, and nondiscriminatory manner. Moreover, the appellant claims that without evidence of a written directive, the procedures followed by the Gates Police Department on October 29, 1994, were, "[W]oefully poor and constitutionally deficient because there were no established parameters after the stop with which compliance could be had.” (Appellant’s brief, at 4.)
CONCLUSIONS OF LAW
Roadblocks established to serve as sobriety checkpoints are constitutionally permissible when they are, " '[C]arried out pursuant to a plan embodying explicit, neutral limitations on the conduct of individual officers’ ”. (People v Scott, supra, 63 NY2d, at 525 [citations omitted].) Scott (supra) contemplates that the plan be established pursuant to a directive issued by the chief law enforcement official — the person most directly accountable to the People or their elected representatives. In Scott this person was the County Sheriff. In the instant case, this person is the Chief of Police of the Town of Gates. Scott further contemplates that the people operating the roadblock will not act with unlimited discretion but rather will act pursuant to "listed criteria” of the plan. (See, People v Scott, supra, at 522.) Limiting discretion of individual officers thus lessening the likelihood of arbitrary law enforcement is a well-recognized constitutional imperative. (See, e.g., South Dakota v Opperman, 428 US 364 [1976]; see also, Brown v Texas, 443 US 47, 51 [1979].)
While in Scott (supra) the Court approved of the written plan at issue, it did not explicitly hold that the directive or plan had to be in writing.* But it did hold that there had to be a plan for officers to follow and by which personnel’s actions could be objectively measured.
*44 In Ms. Richmond’s case, the record fails to reveal any proof of any plan promulgated by the Chief of Police. What directives were shown to exist came from an officer to other personnel and were, in any event, bereft of explicit and neutral limitations on the conduct of operating personnel. Thus regardless of how Sergeant Mauro and Officer Clar performed their duties, which appears to have been in good faith and with professional competence, the roadblock failed to adhere to the requirements established in Scott (supra).
Finally, the trial court’s taking judicial notice of "a written order of a general nature” and of a "general discussion between Lieutenant Alloco” is, simply put, without support in the record and is evidentiarily inappropriate. (See generally, Prince, Richardson on Evidence § 2-205 [Farrell 11th ed].)
Accordingly, the judgment entered in Gates Town Court must be, and hereby is, reversed, the defendant’s conviction is vacated and the matter is remanded to the trial court for appropriate proceedings consistent with this decision.

 Directives, promulgations, lists, plans, are, after all, words; words may be communicated through speech and through writing. Written words leave less to memory and interpretation and, therefore, written plans for roadblocks may be the better procedure to use in order to meet the requirements of Scott (supra).