■ In the Matter of ATTORNEY GENERAL OF THE STATE OF NEW YORK, Petitioner, v NEIL J. FIRETOG, as Justice of the Supreme Court of the State of New York, et al., Respondents. [688 NYS2d 178] —Proceeding pursuant to CPLR article 78 to prohibit the respondents from enforcing an order of the respondent Neil J. Firetog, a Justice of the Supreme Court, Kings County, dated October 15, 1998, which directed the petitioner to provide the respondents Vincent T. D'Ambrosio and Anne Mignola with a copy of the Grand Jury minutes in a criminal proceeding entitled *People v Vincent T. D'Ambrosio and Anne Mignola,* pending in the Supreme Court, Kings County, under Indictment No. 10813/97.

Adjudged that the petition is granted, without costs or disbursements, and enforcement of the order dated October 15, 1998, is prohibited.

After rendering a "preliminary" determination that the subject indictment was supported by legally sufficient evidence

before the Grand Jury, and that the Grand Jury was properly instructed, the respondent, Neil J. Firetog, Justice of the Supreme Court, Kings County, nevertheless directed the petitioner, by order dated October 15, 1998, to release the Grand Jury minutes to the respondents Vincent T. D'Ambrosio and Anne Mignola, the defendants in the underlying criminal action, in order to aid their respective counsel in preparing formal written motions pursuant to CPL 210.20 (1) (b) to dismiss or reduce the counts of the indictment because of insufficient evidence.

Although Justice Firetog relied on CPL 210.30 (3) in directing the release of the minutes, it is well settled that "[t]here is no authority in the Criminal Procedure Law for the Supreme Court to direct the People to provide a copy of the Grand Jury minutes to the defendants once the court has made a determination on whether the evidence adduced before the Grand Jury [is] legally sufficient" (*Matter of Brown v LaTorella,* 229 AD2d 391, 392; *see, Matter of Brown v Rotker,* 215 AD2d 378). Moreover, CPL 210.30 (3) permits the release of the minutes only when a motion pursuant to CPL 210.20 (1) (b) to dismiss or reduce the indictment has been made "in writing and upon reasonable notice to the people" (CPL 210.45 [1]; *see, People v Rodriguez,* 244 AD2d 364; *People v Johnson,* 134 AD2d 284), and the court finds, upon inspection of the minutes, that the release of relevant portions to the parties is necessary in order to assist the court in deciding the written motion. Here, there was no written motion pending before the court, and CPL 210.30 (3) does not permit the release of Grand Jury minutes as an aid to counsel in the preparation of such a motion.

Therefore, the order directing the release of the Grand Jury minutes was unauthorized. Accordingly, the petitioner has established a clear legal right to prohibition and has no other adequate remedy (*see,* CPL 450.20; *Matter of Brown v LaTorella, supra*; *Matter of Brown v Rotker, supra*). S. Miller, J. P., Sullivan and Luciano, JJ., concur.

Friedmann, J. dissents and votes to deny the petition and dismiss the proceeding on the merits with the following memorandum: I respectfully dissent.

According to the affidavit of the respondent Neil J. Firetog, on October 30, 1997, he arraigned the respondents Vincent T. D'Ambrosio and Anne Mignola (hereinafter the defendants), the two defendants in the underlying criminal action, on charges that they had stolen large sums of money from a number of wealthy nursing home patients. The petitioner Attorney General additionally alleged that, to conceal these

thefts, the defendants had defrauded the New York State Medical Assistance Program (hereinafter Medicaid) into paying for the victims' care by misrepresenting the extent of the victims' remaining assets. Based upon information at their disposal at that time, the defendants' attorneys indicated that they had doubts as to whether the petitioner had presented sufficient evidence to the Grand Jury to support the full 30-count indictment. Justice Firetog told both sides that, in accordance with the practice in his courtroom and in Kings County generally, he would *sua sponte* review the Grand Jury minutes for facial legal sufficiency. The Attorney General has conceded in his petition that he consented to produce the Grand Jury minutes for the court's inspection without objection, and without requiring a written motion from the defense.

Over the following three months, Justice Firetog perused the voluminous Grand Jury minutes (which he described as "a six-inch thick pile of complex materials"), encompassing extensive testimony by numerous witnesses regarding "a multitude of acts alleged to have been committed by the defendants". At length, on or about February 4, 1998, at what Justice Firetog characterized as an off-the-record bench conference, the Judge informed counsel that "after a preliminary examination of the minutes [he] believed that there had probably been enough evidence before the Grand Jury to support the charges". Justice Firetog made no record of this preliminary assessment of the sufficiency of the evidence, and no written order was issued. The Judge himself described his threshhold determination as "informal".

At a subsequent off-the-record conference in chambers on March 20, 1998, defense counsel orally requested the minutes of the Grand Jury charge underlying count No. 2 of the indictment, accusing the defendants of grand larceny in the first degree, to assist in the preparation of written pretrial motions. The petitioner released these minutes to defense counsel without objection.

In yet another unrecorded in-chambers conference on May 8, 1998, defense counsel argued that they believed that the petitioner had not met its evidentiary burden before the Grand Jury, particularly with respect to the count of grand larceny in the first degree. Counsel questioned, *inter alia*, the petitioner's novel theory that the defendants' alleged thefts from individual patients could be aggregated with the sums billed to Medicaid to arrive at the $1 million threshold amount required by Penal Law § 155.42. In order to properly prepare their pretrial motions to dismiss, counsel contended, they needed to inspect the relevant testimony in the Grand Jury minutes.

According to Justice Firetog, the petitioner did not indicate that its office had any problem with this disclosure, and he adjourned the matter, with the expectation that, as commonly happened, "some agreement could be worked out between the sides regarding the extent of disclosure". When, after several adjournments, the petitioner became "increasingly resistant to the notion of any [Grand Jury] disclosure", Justice Firetog "concluded that disclosure was necessary to enable the defense (and in response papers the petitioner) to assist [him] in ultimately deciding defendants' prospective motions to dismiss". Accordingly, at first orally from the bench, and then by order dated October 15, 1998, Justice Firetog directed that the minutes be released, although tailored and redacted to suit the needs of each defendant as well as the petitioner's privacy interests.

Relying upon *Matter of Jaffe v Scheinman* (47 NY2d 188), a case expressly overruled by the amendment of CPL 210.30 (3) in 1980, the petitioner has commenced this proceeding pursuant to CPLR article 78 to prohibit the enforcement of that order. The majority would grant the petition and prohibit the enforcement of the order on grounds I believe to be misguided.

CPL 210.30 (3), which was enacted in 1980 to create a presumption in favor of granting a defendant's motion to inspect (*see,* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 210.30, at 641), provides: "Unless good cause exists to deny the motion to inspect the grand jury minutes, the court must grant the motion. It must then proceed to examine the minutes and to determine the motion to dismiss or reduce the indictment. If the court, after examining the minutes, finds that release of the minutes, or certain portions thereof, to the parties is necessary to assist the court in making its determination on the motion, it may release the minutes or such portions thereof to the parties. Provided, however, such release shall be limited to that grand jury testimony which is relevant to a determination of whether the evidence before the grand jury was legally sufficient to support a charge or charges contained in such indictment. Prior to such release the district attorney shall be given an opportunity to present argument to the court that the release of the minutes, or any portion thereof, would not be in the public interest". According to CPL 210.30 (5), "[i]n any case, the court must place on the record its ruling upon the motion to inspect".

The petitioner has at no time articulated why release of the requested minutes "would not be in the public interest". Rather, it has contented itself with arguing that respondent

Justice Firetog divested himself of authority to order release of the Grand Jury minutes by making his self-described preliminary and informal assessment regarding the adequacy of the Grand Jury evidence on February 4, 1998. In so reasoning, the petitioner, and the majority, have ignored, *inter alia*, the statutory requirement that a ruling on a defendant's motion to inspect is only final when it is placed upon the record (CPL 210.30 [5]).

In addition, the majority's reliance upon *Matter of Brown v LaTorella* (229 AD2d 391) and *Matter of Brown v Rotker* (215 AD2d 378), is misplaced, as these cases are significantly distinguishable. In *Matter of Brown v LaTorella (supra)*, for example, the court responded to the defendants' motion asking the court to inspect and dismiss by privately examining the Grand Jury minutes in chambers, and then dismissing various counts of the indictment. Thereafter the defendants moved to have the minutes disclosed *to them* so that they could more effectively counter the prosecution's arguments on appeal. In granting prohibition, this Court ruled that the CPL did not empower a trial court to release Grand Jury minutes to a defendant for the purpose of writing a better respondent's brief. Rather, the statute only authorizes release to a defendant when "necessary to assist the court in making its determination on the motion" to dismiss or reduce. Once the court's final determination on the motion is made, no further release for any other purpose is authorized. Similarly in *Matter of Brown v Rotker (supra)*, the court formally ruled that the evidence before the Grand Jury was legally sufficient to sustain the indictment, but directed the People to turn the Grand Jury minutes over to the defendant anyway, as a penalty for having defaulted in responding to the defendant's omnibus motion, which had contained a request for a copy of the Grand Jury minutes. In prohibiting the enforcement of the order, this Court once again observed that CPL 210.30 (3) authorizes the release of Grand Jury minutes to a defendant *only* to assist the court in reaching a final decision on a motion to dismiss.

The rule proposed by the majority here would divest the trial court of its inherent power to reconsider a preliminary opinion on a pretrial motion, and would foreclose the court from ever reassessing its own informal evaluation of Grand Jury evidence—even in a very complicated case, and even when the court concludes that it needs the defendant's input to properly determine his or her fully-articulated motion to inspect and dismiss. Such a restriction on a trial court's power to reconsider its own decisions will create an unprecedented anomaly in

criminal law and procedure. In this regard, it deserves emphasizing that it was understood by all of the parties that Justice Firetog's ruling on February 4, 1998, was not final, because when on March 20, 1998, defense counsel requested additional Grand Jury minutes, the petitioner turned them over without objection.

In any event, subdivision (4) of CPL 210.30 reads: "If the court determines that there is not reasonable cause to believe that the evidence before the grand jury may have been legally insufficient, it may in its discretion either (a) deny both the motion to inspect and the motion to dismiss or reduce, or (b) grant the motion to inspect notwithstanding and proceed to examine the minutes and to determine the motion to dismiss or reduce". By its plain language this provision would appear to permit precisely what Justice Firetog did here.

Finally, the majority holds that Grand Jury minutes may only be released under CPL 210.30 *after* a *written* motion to *dismiss or reduce "has been made"* (emphasis supplied). While admittedly a motion to dismiss or reduce must be in writing (CPL 210.45), CPL 210.30 (1) expressly provides that such a motion may be *"preceded or accompanied by* a motion to inspect the grand jury minutes" (emphasis supplied). The statute nowhere requires that the prefatory "motion to inspect" must itself be in writing (*see,* CPL 210.30 [2]). Nor do the cases cited by the majority enunciate any such "requirement". In both *People v Rodriguez* (244 AD2d 364), and *People v Johnson* (134 AD2d 284), reversal was necessitated because the trial court had granted an impermissible oral application to dismiss or reduce, and not because the accompanying request to inspect was not in writing. Finally, even if there were such a rule, the petitioner arguably waived it by releasing Grand Jury transcripts on November 3, 1997, and March 20, 1998, "without waiting for a written motion from the defense".

Accordingly, I would deny the petition.