OPINION OF THE COURT
Rory J. Bellantoni, J.
*612 In disposing of defendant’s motion, the court has considered the following papers: notice of motion and affirmation of Edward D. Wilford, Esq., counsel for defendant; affirmation in opposition of Assistant District Attorney Edward D. Saslaw, and memorandum of law; and the stenographic minutes of the grand jury of the State of New York from September 23, 2004.
By indictment number 05-0196, defendant Charles Gant was indicted for the crime of criminal possession of a controlled substance in the first degree (Penal Law § 220.21); and, by indictment number 04-0959, defendant was charged with one count of criminal possession of a controlled substance in the first degree (Penal Law § 220.21), and one count of conspiracy in the second degree (Penal Law § 105.15). By order dated March 25, 2005, the Honorable Sam D.Walker, J.C.C., consolidated both indictments. By notice of motion dated May 1, 2005, defendant moved for various relief. This court shall address defendant’s requests seriatim:
1. Motion to Inspect and Dismiss or Reduce Indictment; Motion to Dismiss Defective Grand Jury Proceedings
Defendant moves this court to inspect the grand jury minutes and, upon such inspection, seeks the dismissal or reduction of counts charged in the instant indictment, challenging the legal sufficiency of the evidence presented and the propriety of the legal instructions provided.
Preliminarily, this court grants defendant’s motion insofar as it seeks an in camera inspection of the grand jury minutes, yet denies same to the extent that it seeks disclosure of those minutes to defendant, as the determination of the instant motion does not require such disclosure. (Matter of Brown v LaTorella, 229 AD2d 391 [2d Dept 1996]; Matter of Brown v Rotker, 215 AD2d 378 [2d Dept 1995].)
Following an in camera review of the grand jury minutes, this court finds that the evidence presented before the grand jury was legally sufficient to support the crimes charged in the instant indictment. In considering a motion to dismiss an indictment pursuant to GPL 210.20 (1) (b), the relevant inquiry concerns the legal sufficiency of the evidence, not the weight or adequacy of the proof presented. (See People v Galatro, 84 NY2d 160 [1994].) Legally sufficient evidence has been defined as competent evidence which, if accepted as true, would establish the defendant’s commission of each and every element of each offense charged. (CPL 70.10 [1]; see also People v Jensen, 86 NY2d 248 [1995]; People v Jennings, 69 NY2d 103 [1986].) In *613 the context of grand jury procedure, this has been held to mean proof of a prima facie case, not proof beyond a reasonable doubt. (See People v Gordon, 88 NY2d 92 [1996]; People v Mikuszewski, 73 NY2d 407 [1989].) Moreover, the court, in evaluating the sufficiency of the evidence, must determine whether the evidence, when viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury. (See People v Swamp, 84 NY2d 725 [1995]; People v Pelchat, 62 NY2d 97 [1984].)
Based upon an in camera review of the grand jury minutes, this court finds that the competent evidence presented, when viewed in the light most favorable to the People, if unexplained and uncontradicted, was legally sufficient to establish defendant’s commission of the elements of each charged offense.
To the extent defendant moves this court to dismiss the instant indictment due to the alleged inadequacy of legal instructions provided to the grand jurors during the presentation of this matter, the court recognizes that a grand jury need not be instructed with the same degree of precision that is required when the court instructs a petit jury. (People v Calbud, Inc., 49 NY2d 389 [1980]; People v Valles, 62 NY2d 36 [1984].) Accordingly, this court finds that the legal instructions provided to the grand jurors by the assistant district attorney were adequate and complete.
To the extent that defendant’s application can be understood to seek dismissal of the instant indictment upon allegations concerning defects in the grand jury proceedings, this court finds that the grand jury proceedings were conducted in conformity with the requirements of CPL article 190. Furthermore, the court finds that defendant’s failure to present any factual allegations concerning the specific bases of the present application is insufficient to overcome the presumption of regularity that attaches to grand jury proceedings. (People v Dominique, 90 NY2d 880 [1997]; Virag v Hynes, 54 NY2d 437 [1981].)
Based upon the foregoing, and this court’s review of the grand jury minutes, defendant’s application seeking the dismissal or reduction of the counts charged in the instant indictment is denied.
2. Motion to Suppress Evidence Obtained as a Result of Eavesdropping Warrants
Defendant has moved to suppress the “information” obtained as a result of the eavesdropping warrants obtained by law *614 enforcement in this matter, asserting that they are fruit of the poisonous tree, citing Wong Sun v United States (371 US 471 [1963]) (affirmation of Edward D. Wilford, Esq. at 12). More specifically, defendant asserts, inter alla, that (i) the warrants were not issued upon probable cause; (ii) the warrants did not meet the “other investigative procedures” requirement of CPL article 700; (iii) with respect to the confidential informants utilized by law enforcement to establish probable cause in connection with the search warrant applications at issue, the People failed to demonstrate that said confidential informants were reliable and had a basis of knowledge; (iv) the information contained in the affidavits in support of the issuance of the warrants was stale; (v) law enforcement did not conduct the eavesdropping in a manner to minimize the interception of communications, and therefore the warrants at issue were not issued in conformity with CPL 700.30 (7); (vi) pursuant to Franks v Delaware (438 US 154 [1978]) and People v Alfinito (16 NY2d 181 [1965]), a hearing is required to challenge law enforcement’s statements contained in the warrant applications; and (vii) the warrant applications are improper “spinoffs,” that is, when law enforcement shifted its focus to Charles Gant from the persons originally identified in the initial warrants signed by the various justices, there was no attempt to conduct an independent investigation to determine the necessity of eavesdropping warrants with respect to defendant.
The People have opposed defendant’s motion asserting that the court’s review of the warrant applications will reveal that each application demonstrated both the necessity for an eavesdropping warrant and the probable cause to believe a wiretap would intercept communications concerning the crimes indicated. The People further assert that there is no merit to defendant’s claims that the warrant applications were inadequate in describing law enforcement’s efforts to utilize other investigative techniques, and set forth reasons why other investigative techniques would have failed (People’s mem of law, point II).
This court has reviewed the warrant applications at issue and has considered defendant’s arguments with respect thereto, mindful that a court issuing a warrant is vested with considerable discretion in determining the sufficiency of the application. (People v Tambe, 71 NY2d 492 [1988]; People v Baker, 174 AD2d 815 [3d Dept 1991]; People v Ianniello, 156 AD2d 469 [2d Dept 1989].) At the outset, this court finds that the warrants at issue *615 were based upon probable cause. In addition, each warrant detailed the necessity for its issuance, and the reasons why normal investigative procedures were unlikely to succeed. Accordingly, defendant’s assertion that the warrants did not issue upon probable cause, and that the warrants did not meet the “other investigative procedures” requirement of CPL article 700 are without merit. (People v Fonville, 247 AD2d 115 [4th Dept 1988]; CPL 700.10 [1]; 700.15 [2], [3], [4].)
Turning to defendant’s arguments concerning law enforcement’s use of confidential informants in this matter, it is well established that information supplied by a confidential informant may be sufficient to establish probable cause for a search warrant where it is shown that the informant has a basis of knowledge and the informant is reliable. (Aguilar v Texas, 378 US 108 [1964]; People v Rodriguez, 52 NY2d 483 [1981]; People v Alston, 1 AD3d 627 [3d Dept 2003].) With respect to defendant’s assertions concerning the reliability of confidential informants referenced in the warrant applications, this court finds that (i) confidential informants were referenced in the warrant applications to demonstrate that other investigative techniques were not likely to succeed, and (ii) to the extent that the People relied upon confidential informants to establish probable cause for the issuance of the warrants, the People met their burden in establishing the reliability of the confidential informant in each warrant application. Accordingly, defendant has failed to meet his burden to demonstrate that a hearing is necessary concerning the reliability of the confidential informants utilized in this case. (Spinelli v United States, 393 US 410 [1969]; Aguilar v Texas, 378 US 108 [1964]; People v Bigelow, 66 NY2d 417 [1985]; People v Johnson, 66 NY2d 398 [1985]; People v Landy, 59 NY2d 369, 375 [1983].)
This court also rejects defendant’s contention that the affidavits were based upon stale evidence. Probable cause is not determined simply by counting the number of days between the occurrence of the events relied upon and the issuance of the search warrant. (People v Clarke, 173 AD2d 550, 550 [2d Dept 1991], citing People v Teribury, 91 AD2d 815 [3d Dept 1982].) Information relied upon in applying for a search warrant may be acted upon as long as the practicalities dictate that a state of facts existing in the past, which is sufficient to give rise to probable cause, continues to exist at the time the application for a search warrant is made. (Id.; see also United States v Brinklow, 560 F2d 1003 [10th Cir 1977], cert denied 434 US 1047 [1978]; *616 United States v Rahn, 511 F2d 290 [10th Cir 1975], cert denied 423 US 825 [1975].)
In this case, the court finds that the affidavits submitted in support of law enforcement’s application for the search warrants at issue were based upon an observed pattern of drug activity, and detailed the length of law enforcement’s investigation. The information presented to the various justices who issued the search warrants, when considered as a whole, was not stale and provides the probable cause necessary for the issuance of each warrant. (People v Manngard, 275 AD2d 378 [2d Dept 2000]; People v Williams, 249 AD2d 343 [2d Dept 1998]; People v Telesco, 207 AD2d 920 [2d Dept 1994]; People v Adams, 2 Misc 3d 166 [Niagara County Ct 2003].)
Next, this court denies defendant’s request for a hearing to challenge the veracity of law enforcement’s statements contained in the warrant applications pursuant to Franks v Delaware (438 US 154 [1978]) and People v Alfinito (16 NY2d 181 [1965]). A Franks/Alfinito hearing is warranted where a defendant makes a substantial preliminary showing that there is a false statement included in a search warrant affidavit, and that the officer included the information with knowledge or reckless disregard of its falsity. (Franks, 438 US 154 [1978]; Alfinito, 16 NY2d 181 [1965].) Upon a review of the submissions in connection with this motion, defendant has failed to make the required substantial preliminary showing that would warrant a Franks/ Alfinito hearing. (People v Novick, 293 AD2d 692 [2d Dept 2002]; People v Panaro, 167 AD2d 951 [4th Dept 1990].) Accordingly, defendant’s motion for a Franks/Alfinito hearing is denied.
Defendant’s next argument is that the eavesdropping warrants at issue did not meet the minimization requirements contained in CPL 700.30 (7), which requires that an eavesdropping warrant must contain a provision that the authorization to intercept shall be conducted in such a way as to minimize the interception of communications not otherwise subject to eavesdropping under the Criminal Procedure Law. (CPL 700.30 [7].) Minimization has been defined as a good faith and reasonable effort to keep the number of nonpertinent calls intercepted to the smallest practicable number. (People v Floyd, 41 NY2d 245 [1976].) This court has analyzed defendant’s contentions and the parties’ submissions and has determined that defendant has failed to satisfy his burden to demonstrate that the eavesdropping warrants did not meet the requirements set forth in CPL 700.30 (7).
*617 The court now turns to defendant’s contention that “[w]hen law enforcement shifted its focus to Charles Gant there was no attempt to conduct an independent investigation to determine if the necessity for the extraordinary investigative tool of eavesdropping existed with respect to Charles Gant,” and therefore law enforcement acted improperly in obtaining “spin-off’ eavesdropping warrants for Charles Gant (affirmation of Edward D. Wilford, Esq. at 59). To the extent defendant asserts that law enforcement improperly shifted its focus from the persons originally identified in the initial warrants signed by the various justices to whom said applications were presented, defendant’s contentions are without merit. As stated herein, each warrant at issue in this case was duly issued and based upon probable cause. In addition, defendant’s reliance on United States v Blackmon (273 F3d 1204 [9th Cir 2001]) is misplaced. In Blackmon, the court held that evidence resulting from the eavesdropping warrants should have been suppressed where the affidavit submitted in support of the warrant contained material misstatements and omissions concerning the necessity for the wiretap and the affidavits contained only generalized statements in support of the need for such wiretap. No such showing has been made by defendant in this case. Accordingly, defendant’s contentions concerning improper “spin-off’ are unfounded.
Lastly, to the extent, that defendant has moved to suppress evidence, or in the alternative, for a Mapp hearing, said motion is denied since defendant has failed to allege sworn allegations of fact sufficient to support the motion. (People v Mendoza, 82 NY2d 415 [1993].) Accordingly, the motion for outright suppression, as well as the alternative request for a hearing, is denied. (CPL 710.60 [3] [b].)
3. Defendant’s Motion for the Suppression of Evidence Resulting from Law Enforcement’s Installation of a GPS Device
Defendant moves to suppress any and all evidence obtained as a result of the use of a global positioning system (GPS) device placed on an RV bearing the likeness of Gloria Velez, referred to as the Hurricane, asserting that the device was used by law enforcement without a warrant in contravention of article I, § 12 of the New York State Constitution, article 700 of the Criminal Procedure Law, and the Fourth and Fourteenth Amendments of the United States Constitution (affirmation of Edward D. Wilford, Esq. at 66). Defendant relies upon People v Lacey (3 Misc 3d 1103[A], 2004 NY Slip Op 50358[U] [Nassau *618 County Ct 2004]), the only reported New York State decision pertaining to the issue of whether law enforcement must obtain a search warrant prior to installing a GPS device to track the movements of a vehicle on public roadways. The People oppose defendant’s motion asserting that defendant does not identify the evidence he seeks to suppress, nor does he assert a property interest or a “reasonable expectation of privacy” in the vehicle to which he is referring, and therefore his motion is to be denied (People’s mem of law, points III, IV).
Defendant’s motion to suppress evidence obtained as a result of the use of the GPS device is denied. It is well established that where there is no expectation of privacy, there is no search and seizure within the purview of the Fourth Amendment. (United States v Moran, 349 F Supp 2d 425 [ND NY 2005].) A defendant seeking the suppression of evidence must therefore demonstrate a legitimate expectation of privacy in the place or property searched. (People v Tejada, 81 NY2d 861 [1993]; People v Wesley, 73 NY2d 351 [1989].)
Defendant asserts the following in support of his argument that he has standing:
“Notwithstanding the fact that Charles Gant was the true owner of the vehicles, these vehicles were often registered in the name of other persons. Indeed, that was the case with the Hurricane RV with Gloria Velez’ likeness on it. Thus, Charles Gant as the true owner of the vehicle has standing.”[1] (Affirmation of Edward D. Wilford, Esq. at 78.)
This court finds that defendant has failed to establish a legitimate expectation of privacy in the place or property searched sufficient to satisfy the Fourth Amendment standing requirement for purposes of a motion to suppress. (United States v Knotts, 460 US 276 [1983]; Moran, 349 F Supp 2d 425 [2005].) Accordingly, law enforcement was not required to obtain a warrant prior to utilizing a GPS device to track the movement of the vehicle at issue.
It should be noted at the outset that defendant has failed to demonstrate that he is in fact the owner of the vehicle, or that he was a passenger in the vehicle with some reasonable expectation of privacy in the vehicle itself. (See e.g., People v Nunez, 234 *619 AD2d 569 [2d Dept 1996]; People v Cacioppo, 104 AD2d 559 [2d Dept 1984]; People v Lucas, 183 Misc 2d 639 [Sup Ct, Monroe County 1999].) Accordingly, to the extent that defendant may assert that he has standing because he is the owner of the vehicle, or he was a passenger in the vehicle with an expectation of privacy, such contention is without merit.
With respect to any assertion that defendant has a reasonable expectation of privacy in the movements of the vehicle, the Supreme Court has held that a person traveling on a public roadway has no reasonable expectation of privacy in his movements from one place to another. (Knotts, 460 US 276.) In Knotts, law enforcement agents arranged with a seller of chloroform to install a beeper in a container of chloroform purchased by respondent Knotts’ codefendant, since law enforcement suspected that the codefendant was purchasing chloroform to manufacture drugs. After Knotts’ codefendant purchased the container of chloroform containing the beeper and placed it in his vehicle, law enforcement followed the car and traced the vehicle’s movements by visual surveillance and a monitor that received the beeper signals contained in the container. Law enforcement then traced the chloroform to Knotts’ cabin by beeper signal alone. Law enforcement subsequently obtained a search warrant for respondent’s residence and discovered the chloroform container as well as other evidence. (Knotts, 460 US 276.)
In connection with Knotts’ challenge to the use of the beeper to monitor the chloroform container, the Supreme Court held that the monitoring of a beeper placed in a container in defendant’s vehicle was not a search and seizure within the meaning of the Fourth Amendment since defendant had no legitimate expectation of privacy in the monitoring of the vehicle on public streets and thoroughfares. The Court stated that the surveillance conducted in Knotts amounted to the following of an automobile on public streets and highways and that there is a diminished expectation of privacy with regard to automobiles:
“One has a lesser expectation of privacy in a motor vehicle because its function is transportation and it seldom serves as one’s residence or as the repository of personal effects. A car has little capacity for escaping public scrutiny. It travels public thoroughfares where both its occupants and its contents are in plain view.” (Knotts, 460 US at 281 [internal quotation marks omitted], quoting Cardwell v Lewis, 417 US 583, 590 [1974].)
*620 In short, the Supreme Court in Knotts stated that a person traveling in an automobile on public thoroughfares has no reasonable expectation of privacy in his movements from one place to another.[2] (Id.) Similarly, in Moran (349 F Supp 2d 425 [2005]), the United States District Court for the Northern District of New York, relying upon Knotts, recently held that a warrant is not required where law enforcement installs a GPS device on a vehicle to track its movements. The court therefore denied defendant’s motion to suppress evidence obtained as a result of law enforcement’s installation of a GPS device attached to his vehicle. (United States v Moran, 349 F Supp 2d at 467-468.) As the court stated:
“The GPS device tracked the whereabouts of [defendant’s] vehicle on July 29 and 30, 2003, upon his return from a one-day trip to Arizona. Law enforcement personnel could have conducted a visual surveillance of the vehicle as it traveled on the public highways. Moran had no expectation of privacy in the whereabouts of his vehicle on a public roadway. Thus, there was no search or seizure and no Fourth Amendment implications in the use of the GPS device.” (Moran, 349 F Supp 2d at 467 [citation omitted].)
The same result is mandated in this instance. Based upon the reasoning set forth in Knotts and Moran, this court finds that defendant has not established that he has a legitimate expectation of privacy in a vehicle traveling upon a public roadway such that law enforcement was required to obtain a search warrant prior to its installation of a GPS device to track the vehicle’s whereabouts. (Knotts, 460 US at 280; Moran, 349 F Supp 2d at 467-468.)
In addition, this court finds no greater privacy interest is afforded to a vehicle traveling upon a public roadway under the New York State Constitution than that which is afforded under the United States Constitution. In the same vein as our federal courts, New York state courts have held that there is a diminished expectation of privacy inherent in automobiles due to their mobility, and to the fact that vehicles are subject to *621 various laws and regulations.[3] As the Court of Appeals has stated:
“A separate exception to the warrant requirement is that recognized with respect to automobiles. Its predicate is the reduced expectation of privacy associated with automobiles and the inherent mobility of such vehicles (see Cady v Dombrowski, 413 US 433, 442; see, generally, 2 La Fave, Search and Seizure, pp 508-544). As the Supreme Court has noted, ‘the configuration, use, and regulation of automobiles often may dilute the reasonable expectation of privacy that exists with respect to differently situated property’ (Arkansas v Sanders, 442 US 753, 761, supra). Among the factors that contribute to this decreased expectation are that automobiles ‘operate on public streets; they are serviced in public places; . . . their interiors are highly visible; and they are subject to extensive regulation and inspection’ (Rakas v Illinois, 439 US 128, 154 [powell, J., concurring]; see South Dakota v Opperman, 428 US 364, 368; Cardwell v Lewis, 417 US 583, 590-591 [plurality opn]). In addition, the mobility of automobiles often makes it impracticable to obtain a warrant (see United States v Chadwick, 433 US 1, 12, supra; Carroll v United States, 267 US 132, 153, supra).” (People v Belton, 55 NY2d 49, 53 [1982].)
In short, New York decisional law, and the statutory regulation of vehicles referenced herein, lead to the inescapable conclusion that there is no reasonable expectation of privacy in the movements of a motor vehicle traveling upon public roadways such that law enforcement is required to obtain a warrant under New York state law prior to installing a GPS device when investigating crime. For example, a police officer need not have a warrant to search a vehicle if, after a stop, such search is based upon reasonable cause to believe that an individual has committed, or may commit, a crime. (People v Williams, 173 AD2d 663 [1991].) In addition, roadblocks established as *622 sobriety checkpoints are constitutionally permissible when they are carried out pursuant to a plan embodying explicit, neutral limitations on the conduct of individual officers. (People v Scott, 63 NY2d 518 [1984]; People v Richmond, 174 Misc 2d 40 [Monroe County Ct 1997].) Similarly, roving roadblocks, when conducted in a uniform and nondiscriminatory manner, to obtain information in connection with crime investigation are constitutionally permissible. (People v John BB., 56 NY2d 482 [1982].) Nor is there a reasonable expectation of privacy in objects in a vehicle that are in “plain view” for all to see, and thus, the warrantless seizure of an object that comes into an officer’s plain view when one is lawfully stopped in his vehicle is constitutionally permissible. (People v White, 300 AD2d 1149 [4th Dept 2002] [trial court properly admitted into evidence a gun that was on defendant’s lap and that came into police officer’s view during a traffic stop].) Therefore, due to the well-recognized diminished expectation of privacy inherent in motor vehicles, this court finds that no search warrant is required where law enforcement seeks to install a GPS device to monitor a vehicle’s location.
The recent Nassau County case Lacey (3 Misc 3d 1103[A], 2004 NY Slip Op 50358[U] [2004]) does not compel a contrary result.[4] In Lacey, the court held that although law enforcement must obtain a warrant prior to the installation of a GPS device, defendant therein had no legitimate expectation of privacy in the vehicle itself since the GPS was not installed on his property and he, “at best, [based] his claim for relief on the rights of a third party.” (Lacey, 3 Misc 3d 1103[A], 2004 NY Slip Op 50358[U], *10.) The Lacey court therefore held that defendant therein had no standing to assert that the evidence resulting from GPS monitoring on the vehicle should be suppressed. Likewise, defendant herein has failed to establish a reasonable expectation of privacy in the vehicle, or in the vehicle’s whereabouts; particularly if the defendant did not travel in the vehicle. Accordingly, for the reasons set forth herein, defendant’s motion to suppress evidence resulting from law enforcement’s installation of a GPS device is denied.
4. Motion for Sandoval and Ventimiglia Hearings
Defendant moves this court to conduct a pretrial hearing to determine the extent to which the People may inquire into any *623 of defendant’s prior criminal convictions, as well as any of defendant’s prior uncharged criminal, vicious or immoral conduct. The People consent to defendant’s application. This court therefore orders that, immediately prior to trial, a hearing be conducted pursuant to People v Sandoval (34 NY2d 371, 377 [1974]). At the time of the hearing, the People shall notify defendant of all specific instances of defendant’s prior uncharged criminal, vicious or immoral conduct of which they have knowledge and intend to use for impeaching defendant’s credibility in the event defendant testifies at trial. (CPL 240.43.) Defendant must then sustain his burden to inform the court of those instances of his prior misconduct that may be unduly prejudicial to him as a witness on his own behalf. (People v Matthews, 68 NY2d 118 [1986]; People v Malphurs, 111 AD2d 266, 269 [1985].)
Defendant’s application for a pretrial hearing pursuant to People v Ventimiglia (52 NY2d 350 [1981]) is denied without prejudice. Defendant’s application is premature, since the People have not yet advised the court that they intend to introduce evidence of defendant’s prior uncharged crimes on their direct case. Nonetheless, upon appropriate application by the People, and upon notice to defendant, a Ventimiglia hearing shall be conducted immediately prior to trial to prospectively determine the admissibility of evidence of defendant’s prior uncharged crimes on the People’s case-in-chief.
5. Defendant’s Motion to Dismiss Based Upon Improper Venue
Defendant moves this court to dismiss the first count of the indictment, criminal possession of a controlled substance in the first degree, asserting that venue is not proper in Westchester County (affirmation of Edward D. Wilford, Esq. at 83). The People have opposed defendant’s motion asserting that the grand jury minutes show more than adequate evidence to meet the People’s trial burden to establish geographical jurisdiction by a preponderance of the evidence (People’s mem of law, points I,V).
Defendant’s motion to dismiss based upon improper venue is denied. County jurisdiction over a conspiracy is governed by article 20 of the Criminal Procedure Law. A person may be convicted in an appropriate criminal court of a particular county of an offense of which the criminal courts of this state have jurisdiction, when conduct occurred within such county sufficient to establish an attempt or conspiracy to commit such offense. (CPL 20.40 [1] [b].)
*624 Additionally, a person may be convicted in an appropriate criminal court of a particular county, even though none of the conduct constituting such offense may have occurred within such county, where the offense committed was attempt, conspiracy or criminal solicitation to commit a crime in such county. (CPL 20.40 [2] [d].)
Pursuant to article 20 of the Criminal Procedure Law, the People may prosecute the object crime of a conspiracy in any jurisdiction in which a defendant engages in conduct sufficient to establish a conspiracy to commit that crime. Therefore, the conspiracy may be used as a basis for prosecuting a crime committed outside the jurisdiction. (Faraci v Firetog, 308 AD2d 423 [2d Dept 2003]; People v Green, 235 AD2d 284 [1st Dept 1997]; CPL 20.40 [1] [b]; [2] [d].)
Based upon the submissions of the People and defendant, the grand jury minutes, and existing case law, the court finds that defendant has failed to show that venue is not proper in Westchester County in that there is sufficient evidence by which the People may establish at trial, by a preponderance of the evidence, that the offenses charged in the indictments herein are properly venued in Westchester County. (People v Ribowsky, 77 NY2d 284 [1991]; People v Sosnik, 77 NY2d 858 [1991].)
Whether or not the People will in fact be able to meet their burden at trial is, of course, a separate issue since venue is a question of fact that must be proved by the People at trial by a preponderance of the evidence. (People v Giordano, 87 NY2d 441 [1995]; People v Hetenyi, 304 NY 80 [1952].) Indeed, defendant may challenge venue at trial by requesting that the jury be instructed regarding venue, in which case the court must submit the issue of venue to the jury. (Ribowsky, 77 NY2d at 292.) Nonetheless, at this stage of the proceedings, based upon the parties’ submissions, the court finds that there is sufficient evidence by which the People may prove that the offenses charged in the indictment are properly within the jurisdiction of Westchester County. (People v Green, 235 AD2d 284 [1st Dept 1997]; People v Manfredi, 166 AD2d 460 [2d Dept 1990]; People v Botta, 100 AD2d 311 [2d Dept 1984].) Accordingly, defendant’s motion to dismiss on the basis of venue is denied.
6. Reservation of Rights to Make Additional Motions
In his notice of motion, defendant seeks permission to make additional motions as may be required. This application is denied. CPL 255.20 (1) mandates that all pretrial motions be brought in one set of motion papers within 45 days of arraign *625 ment. This ruling is made without prejudice to defendant making any additional motions, provided he can demonstrate that he could not, with due diligence, have raised the ground for the relief sought in the original motion papers. (CPL 255.20 [3].)

. Defendant also asserts: “Further, the theory of prosecution is constructive possession by Charles Gant of the cocaine secreted in the Hurricane EV( thus Charles Gant has standing based on the theory of prosecution.” (Affirmation of Edward D. Wilford, Esq. at 78.)

. Since the Supreme Court has held that a person traveling in a vehicle has no reasonable expectation of privacy in his movements from one place to another, then surely a person who asserts a Fourth Amendment claim in a vehicle’s movements in which he is not a passenger likewise has no reasonable expectation of privacy. In this case, defendant Gant did not assert that he traveled in the vehicle in question.

. For example, vehicles are subject to regular registration and inspection under New York state law. Laws have been enacted that require drivers and passengers to wear seat belts or be subject to a traffic infraction for failing to do so. Vehicles are tracked by radar in connection with speed enforcement. The diminished expectation of privacy courts have recognized with respect to automobiles arises, in part, from these factors. (People v Belton, 55 NY2d 49 [1982].)

. In addition to the reasons set forth herein, the Lacey decision is not dis-positive because, as noted by the United States District Court in Moran, the Lacey court failed to reconcile its holding with Knotts (460 US 276 [1983]; Moran, 349 F Supp 2d at 467-468).