THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN M. RODRIGUEZ, Appellant. [848 NYS2d 487]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered September 9, 2004. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [former (1)]). Contrary to defendant's contention, Supreme Court properly refused to suppress evidence seized from defendant's alleged residence pursuant to a search warrant. The issuing court had probable cause to issue the search warrant despite the fact that the evidence upon which the search warrant was based was obtained six days earlier (see People v Bryan, 191 AD2d 1029, 1030 [1993], lv denied 82 NY2d 714 [1993]).

The police officer who filed the affidavit in support of the application for a search warrant on July 22, 2003 stated that, on July 15, 2003, a confidential informant advised him that he/she had met with a male Hispanic known as "Cuba" on July 14, 2003 and had purchased cocaine. Cuba advised the informant that he had a large quantity of cocaine, which he described as two bricks, i.e., kilos, of cocaine. The informant used the pager number given to him/her by Cuba and arranged to purchase cocaine on July 16, 2003. On that day, the informant and an undercover police officer met Cuba at the designated street corner, and the informant advised the officer that Cuba's vehicle was parked nearby. At Cuba's direction, the informant and the officer followed Cuba and an unidentified male to the residence for which the search warrant was later sought. Cuba and his companion entered the residence and returned with cocaine, which was purchased by the informant and the officer. When the police arrived at the residence to execute the warrant on

July 22, 2003, defendant and the woman to whom Cuba's vehicle was registered were standing in the driveway.

It is well established that "[t]here is no outside time limitation applicable to the use of information that leads to the issuance of a search warrant . . . Rather, '[i]nformation may be acted upon so long as the practicalities dictate that a state of facts existing in the past, which is sufficient to give rise to probable cause, continues to exist at the time the application for a search warrant is made' " (*People v Coleman*, 26 AD3d 773, 774 [2006], *lv denied* 7 NY3d 754 [2006]). We conclude on the record before us that the issuing court had probable cause to believe "that evidence of illegal drug activity would be present at the time and the place of the search" (*Bryan*, 191 AD2d at 1030). In light of our decision, we need not address defendant's remaining contentions. Present—Scudder, P.J., Gorski, Lunn, Fahey and Peradotto, JJ.